298 N.W.2d 27 (1980)
In the Matter of the Arbitration between Finley W. MARKLEY, Thomas Benham, Raymond M. Lukes and Medical Incorporated.
No. 51080.
Supreme Court of Minnesota.
May 23, 1980.
Bale & Baker, Minneapolis, Beehler, Mochabee, Arant & Jagger, Los Angeles, Cal., for appellant.
Dorsey, Windhorst, Hannaford, Whitney & Halladay, Minneapolis, for respondent.
Considered and decided by the court en banc without oral argument.
PER CURIAM.
Appellant Medical Incorporated appeals from the decision of the Hennepin County District Court confirming an arbitration award and denying its motion to vacate that award. We remand for further proceedings consistent with this opinion.
This action centers upon a contract executed by the parties whereby the respondents-licensors were to furnish expertise and "technology" to the appellant-licensee for the latter's use in the manufacture and marketing of hemodialyzers. A dispute arose in connection with a provision of the agreement entitling the respondents to royalty payments in the amount of 2% of the net sales of devices utilizing the contractually-defined "technology."
Unable to resolve these differences of contract interpretation, the matter was submitted to arbitration in accordance with the standard arbitration clause contained in the original contract. An arbitration award was formalized directing specified royalty payments to be made to the respondents. Appellant's motion to the panel, pursuant to Minn.Stat. § 572.16 (1978) for a correction, modification or clarification of the award, resulted in an expansion of the original award in favor of the respondents.
The jurisdiction of the district court was invoked when the respondents moved for an order confirming the award and directing the entry of judgment pursuant thereto. In response, the appellant alternatively moved the court to vacate the award or to modify or correct it. The appellant's motion was denied and the award confirmed by order of the district court, and this appeal followed.
The focal and preliminary issue presented is whether, in the absence of specific findings from the district court, this court may effectively review that judicial determination.
Where the issue of arbitrability itself is raised, the Uniform Arbitration Act, Minn. Stat. ch. 572, authorizes a party to the agreement to seek judicial relief either in *28 proceedings to compel or stay arbitration pursuant to Minn.Stat. § 572.09 (1978) or, after an award is issued, in proceedings to vacate the award upon the basis that the arbitrators exceeded the scope of their authority. Minn.Stat. § 572.19, subd. 1(3) (1978).
In State v. Berthiaume, 259 N.W.2d 904 (Minn.1977) we first addressed the question of arbitrability in judicial proceedings to vacate an award on the ground that the arbitrator exceeded his authority in deciding the merits of the dispute and concluded that, as in questions raised pursuant to § 572.09, the issue requires an initial independent judicial resolution. To that end, the district court would necessarily conduct a de novo proceeding authorizing the presentation of evidence in addition to that considered by the arbitration panel in support of the objecting party's position that the award is invalid. See also United States Fidelity & Guaranty Co. v. Fruchtman, 263 N.W.2d 66 (Minn.1978).
Effective and comprehensive appellate review of the decision of the trial court in this regard is most optimally accomplished when the court issues detailed findings relating to the scope of authority granted to the arbitration panel by the agreement of the parties and to the court's determination as to whether that authority was exceeded. The absence of those findings and a memorandum of the district court dictates that the appeal in this matter be stayed and the case remanded to the district court for further proceedings consistent with this opinion.
Remanded with instructions.