**UNITED STATES FIDELITY & GUARANTY COMPANY, Appellant,**

v.

**Dr. Stanley FRUCHTMAN, Respondent.**

**No. 47700.**

Supreme Court of Minnesota.

Jan. 27, 1978.

Richards, Montgomery, Cobb & Bassford and Lynn G. Truesdell III, Minneapolis, for appellant.

DeParcq, Anderson, Perl, Hunegs & Rudquist and Stephen E. Eckman, Minneapolis, for respondent.

Heard before OTIS, ROGOSHESKE, and WAHL, JJ., and considered and decided by the court en banc.

ROGOSHESKE, Justice.

Plaintiff-insurer, United States Fidelity & Guaranty Company, appeals from an order of the trial court denying its motion to vacate an arbitrator's award of damages for bodily injury to defendant-insured, Dr. Stanley Fruchtman. The claimed injuries arose out of an automobile accident allegedly caused by a "hit-and-run" motorist. Defendant-insured claims coverage for the injuries under the "uninsured motorists" liability provision of the policy issued by plaintiff. The issue presented is whether the existence-and-scope-of-coverage dispute between the parties was arbitrable. Although the trial court failed to independently determine the issue, as required by *State v. Berthiaume*, Minn., 259 N.W.2d 904 (1977) (filed subsequent to the trial court's decision), we hold that the coverage dispute was not arbitrable under the policy definition of a "hit-and-run vehicle," requiring "physical contact" with such vehicle as a precondition to coverage and the unrefuted fact disclosed by the record that there was no such contact. Accordingly, we reverse the trial court's order and remand with directions to vacate the arbitrator's award.

In September 1974, the insured sustained bodily injury while driving his automobile on Interstate Highway No. 494 in Bloomington when he was allegedly forced off the freeway by a speeding, unidentified vehicle engaged in a "speed or drag race" with another unidentified vehicle. To avoid a

collision with the drag racer's vehicle, which the insured claimed passed him on the left, he swerved off the highway, striking a light pole with the right side of his vehicle. He filed a claim for bodily injury damages under the "hit-and-run vehicle" clause of the uninsured motorist liability provisions of the policy. The insurance company denied coverage upon the ground that the precondition for coverage under that clause of the policy was not satisfied; that since there was no "physical contact" between the insured's vehicle and the vehicle which forced him off the highway, a "hit-and-run vehicle" as defined in the policy was not involved.[1]

The insured, challenging the company's denial of coverage, demanded arbitration as authorized under the uninsured motorist provisions of the policy. Adhering to its understanding of our decision in *Dunshee v. State Farm Mutual Auto. Ins. Co.,* 303 Minn. 473, 228 N.W.2d 567 (1975), the insurance company agreed to allow an arbitrator to initially determine the entire controversy, including the issues of fault of the unknown driver and the amount of damages. The insurance company reserved its right to challenge the arbitrability of the coverage issue in judicial proceedings to vacate the award under Minn.St. 572.19 of the Uniform Arbitration Act.

Following a full arbitration hearing, in which the fact issue of "physical contact" and the statutory validity of the policy provision limiting coverage to a colliding "hit-and-run vehicle" were presented, the arbitrator filed a single-sentence award directing the insurance company to pay the insured $13,000.[2] Pursuant to § 572.19, subd. 1(3, 5), of the Uniform Arbitration Act, the insurance company moved the trial court to vacate the award on the ground that the arbitrator exceeded her powers because there was no agreement to arbitrate matters which the arbitrator determined. The trial court, solely upon a review of the transcript of the arbitration proceeding and memoranda by counsel, denied the company's motion and, in response to the insured's motion, confirmed the arbitrator's award.

■ Where the issue of the existence or scope of an arbitration agreement is raised in judicial proceedings to vacate an arbitration award, the trial court, under the rule established by *State v. Berthiaume, supra,* is not bound by the decision of the arbitrator but must independently determine the issue by ascertaining the intent of the parties from the language of their written agreement and such other admissible evidence as may be submitted to resolve questions of law or fact.[3] The pertinent provisions of the insurance policy relating to uninsured motorist coverage are:

"Coverage D—Protection Against Uninsured Motorists

"The Company will pay all sums which the Insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an *uninsured highway vehicle* because of bodily injury sustained by the Insured, caused by accident and arising out of the ownership, maintenance or use of such uninsured highway vehicle; *provided, for the purposes of this coverage, determination as to whether the Insured or such*

1. The insurance company also asserted additional grounds for its denial of coverage, alleging that the insured had not, as required by provisions of the policy, notified the police within 24 hours of the accident, nor had he filed with the company within 30 days after the accident a sworn statement that he had a cause of action against the unknown driver. Our disposition of this case does not consider whether the arbitrator's award exceeded her powers by virtue of these additional claimed preconditions to coverage.

2. The rules of the American Arbitration Association, by which the arbitration proceedings were governed, do not clearly require the arbitrator to make findings of fact and conclusions of law. See, Accident Claims Arbitration Rules, §§ 29 and 30.(effective March 1, 1976).

3. Since the trial court did not independently determine the parties' intent as to the extent of the arbitrator's powers in a coverage dispute, our scope of review requires us independently to make that determination based on the language of the parties' written agreement. See, *State v. Berthiaume,* Minn., 259 N.W.2d 904 (1977); *Employers Liability Assurance Corp. v. Morse,* 261 Minn. 259, 111 N.W.2d 620 (1961).

*representative is legally entitled to recover such damages, and if so the amount thereof, shall be made by agreement between the Insured or such representative and the Company or, if they fail to agree, by arbitration.*

\* \* \* \* \* \*

"Definitions

\* \* \* \* \* \*

" 'uninsured highway vehicle' means:

"(a) *a highway vehicle with respect to the ownership, maintenance or use of which there is,* in at least the amounts specified by the financial responsibility law of the state in which the insured automobile is principally garaged, *no bodily injury liability bond or insurance policy applicable at the time of the accident* with respect to any person or organization legally responsible for the use of such vehicle, or with respect to which there is a bodily injury liability bond or insurance policy applicable at the time of the accident but the company writing the same denies coverage thereunder, or

"(b) a hit-and-run vehicle;

\* \* \* \* \* \*

" '*hit-and-run vehicle' means a highway vehicle which causes bodily injury to an Insured arising out of physical contact of such vehicle* with the Insured or with an automobile which the Insured is occupying at the time of the accident, provided: (a) there cannot be ascertained the identity of either the operator or the owner of such vehicle; (b) the Insured or someone on his behalf shall have reported the accident within 24 hours to a police, peace or judicial officer or to the Commissioner of Motor Vehicles, and shall have filed with the Company within 30 days thereafter a statement under oath that the Insured or his legal representative has a cause or causes of action arising out of such accident for damages against a person or persons whose identity is unascertainable, and setting forth the facts in support thereof; and (c) at the Company's request, the Insured or his legal representative makes available for inspection the

automobile which the Insured was occupying at the time of the accident.

\* \* \* \* \* \*

"Arbitration

"If any person making claim under the Uninsured Motorists Coverage and the Company do not agree that such person is legally entitled to recover damages from the owner or operator of an uninsured highway vehicle because of bodily injury to the Insured, or do not agree as to the amount of payment which may be owing thereunder, then, upon written demand of either, the matter or matters upon which such person and the Company do not agree shall be settled by arbitration in accordance with the rules of the American Arbitration Association, and judgment upon the award rendered by the arbitrators may be entered in any court having jurisdiction thereof. Such person and the Company each agree to consider itself bound and to be bound by any award made by the arbitrators pursuant to this paragraph." (Italics supplied.)

The language and clear intent of these provisions afford liability coverage to the insured for bodily injuries caused by an automobile accident with either (a) a known operator or owner of an uninsured highway vehicle or (b) an unidentifiable operator or owner of a "hit-and-run vehicle" which made physical contact with the insured's vehicle at the time of the accident. See, *Lener v. St. Paul Fire & Marine Ins. Co.* Minn., 263 N.W.2d 389, filed herewith.

Thus the policy states two preconditions to coverage under the "hit-and-run vehicle" clause: (1) The insured's bodily injuries arose out of physical contact with the hit-and-run vehicle, and (2) the identity of the driver or owner of the vehicle cannot be ascertained. If the parties to the insurance contract agree that both of these factual preconditions to coverage are established, but a dispute arises concerning what may be characterized as the merits of the insured's claim, namely, the comparative fault of the unidentified operator or the amount of the insured's damage, such dispute, upon demand of either the insurer or

the insured, is subject to binding arbitration. If, however, as in this case, the insurance company denies coverage, claiming that a factual precondition to coverage has not been established, i. e., there was no physical contact with the unidentified hit-and-run vehicle, the question arises whether the coverage dispute is subject to arbitration.

We addressed a similar issue in *Dunshee v. State Farm Mutual Auto. Ins. Co.,* 303 Minn. 473, 228 N.W.2d 567, where the insured claimed that, while stopped on a highway because of its obstruction by a multi-vehicle accident, his vehicle was struck from the rear by a hit-and-run vehicle, defined by the applicable insurance policy in virtually the same language as the provisions quoted above. The insurance company denied coverage and refused to arbitrate the dispute as demanded by the insured, who claimed he was rendered unconscious and could not by due diligence ascertain the identity of the driver or of the striking vehicle. In judicial proceedings to compel arbitration instituted by the insured, the insurance company initially alleged that the operator and owner and the vehicle were identifiable, and that the striking vehicle did not escape from the scene of the accident.[4] However, before the trial court and on appeal, the insurance company abandoned that claim, contending only that the language of the policy[5] relevant to the scope of the arbitration provisions limited arbitration to two issues: (1) The fault of the claimed unidentifiable driver, and (2) the amount of damages sustained by the insured. We held that the intended scope of the arbitration provisions was reasonably debatable and therefore the issue of coverage should be *initially* determined by arbitration subject to the right of the insurance company to challenge the arbitrator's deter-

mination of coverage in judicial proceedings to vacate any award.

▇▇▇ In judicial proceedings to stay or compel arbitration, the limited issue presented is the existence and scope of the arbitration agreement. Provisions of the policy relevant to the existence and terms of coverage necessarily must be independently judicially construed and interpreted to ascertain the intention of the parties; and, clearly, where plain language excludes disputes as to coverage from arbitration, a court must interfere and prevent the arbitration proceedings. Where coverage is preconditioned on the establishment of facts, such as in this case, concerning either the unidentifiability of the operator or owner of a "hit-and-run vehicle" or its physical contact with the insured's vehicle, such factual disputes must be tried and resolved by the trial court accompanied by findings of fact. Rule 52.01, Rules of Civil Procedure. If such factual preconditions are not established, coverage is not afforded by the policy, and the objecting party must be protected from the burden of unauthorized arbitration of both the coverage dispute and the merits of the insured's claim.

▇▇▇ In this case, the arbitrability of the coverage dispute is challenged in judicial proceedings to vacate the arbitrator's award. In *State v. Berthiaume,* Minn., 259 N.W.2d 904, we held that such proceedings are de novo; that the trial court is not bound by the arbitrator's determination; that the objecting party has the burden of proving the invalidity of the arbitrator's award; and that where the arbitrator has clearly exceeded his powers, the award must be vacated.

4. These facts were not included in *Dunshee v. State Farm Mutual Auto. Ins. Co.,* 303 Minn. 473, 228 N.W.2d 567 (1975), as they were irrelevant to the narrowed issue presented on appeal. The allegations were presumably based on a pending suit by the insured against named defendants, which was dismissed during the pendency of the insured's appeal from the trial court's denial of his motion to compel arbitra-

tion. See, State Farm's brief, pp. 2 and 3; and Dunshee's brief, appendix, pp. 9 and 10.

5. " ' * * * [W]hether the insured or such representative is legally entitled to recover such damages, and if so the amount thereof * * *.' " *Dunshee v. State Farm Mutual Auto. Ins. Co.,* 303 Minn. 473, 480, 228 N.W.2d 567, 571.

In proceedings to vacate an award where the issue of coverage is raised, it must be recognized that policy provisions relevant to the existence and terms of coverage are limitations on the authority of the arbitrator to reach the merits of the insured's claim. Where, as in *Dunshee,* the trial court is required to resolve the issue of the scope of arbitrability of a coverage dispute in proceedings to compel or stay arbitration, or where, as here, the parties choose to submit that issue initially to arbitration, the arbitrator, no less than the trial court, must determine the coverage dispute by ascertaining the intent of the parties and by resolving any factual disputes. To be sure, if the arbitrator has erroneously found coverage and the award must be judicially vacated, the merits of the insured's claim have been needlessly arbitrated. But, we cannot ignore the clear language and design of the Uniform Arbitration Act which grants to a party challenging arbitrability a statutory right to a judicial determination of the existence and scope of the arbitration agreement both before and after completion of the arbitration process. Also, as we observed in *State v. Berthiaume, supra,* such procedure is consistent with the tenor of the uniform act in the "expectation that where the arbitrator finds that the dispute is not arbitrable, or the converse, but decides the merits to the satisfaction of the objecting party, the result will be accepted without resort to the courts." Minn., 259 N.W.2d 909.

It may be noted that our decision in this case is consistent with what would have been the compelled decision in *Dunshee* had the insurance company in that case pursued and proved its initial factual basis for denying coverage.[6] However, it must be acknowledged that, where the language of the arbitration agreement clearly excludes coverage disputes, or where the intent of the parties as to the scope of the arbitration agreement is reasonably debatable but the coverage dispute hinges on a resolution of disputed facts, litigation of such dispute in judicial proceedings to compel or stay arbitration would appear to be preferable to an initial determination by an arbitrator. In such case, a judicial determination of no coverage would avoid needless arbitration of the merits of the insured's claim.

In this case, the questions presented to the trial court for independent determination were whether the unidentified driver's vehicle made physical contact with the insured vehicle, and if not, whether this factual requirement of physical contact to coverage conflicted with the uninsured motorist coverage then mandated by Minn.St. 1971, § 65B.22, subd. 3. It was the answer to these questions which determined whether the merits of the insured's claim were arbitrable under the policy, and hence whether the arbitrator's award exceeded the scope of her authority. Upon a review of the transcript of the arbitration proceedings, which was the only evidence submitted to the trial court, the trial court correctly concluded that there was no evidence to support a finding of physical contact. Our review of the record compels the same conclusion.[7]

Since physical contact is, by the plain language of the policy, a precondition to uninsured motorist coverage, the arbitrator clearly exceeded her powers unless, as the insured contended before the arbitrator, and contends on this appeal, such a limitation is void as against the public policy expressed in the statute requiring carriers

---

6. Had the insurer in *Dunshee* persisted in its claim that factually the operator of the striking vehicle was identifiable, and had the factual issue disputed been resolved adversely to the insured, arbitrability of the merits of the insured's claim would have been properly denied.

7. It may be noted that the fact of physical contact is relevant both to the issue of arbitrability and the issue of the unidentifiable driver's fault. The latter issue going to the merits of the insured's claim, of course, if arbitrable, is unreviewable in proceedings to vacate an arbitration award. As we said in *State v. Berthiaume,* Minn., 259 N.W.2d 904, 910: "* * * For, unlike the issue of arbitrability, with respect to the issue of the merits of the dispute it is well settled that 'an arbitrator, in the absence of any agreement limiting his authority, is the final judge of both law and fact * *.'"

to provide uninsured motorists coverage. At the time of this 1974 accident, Minn.St. 1971, § 65B.22, subd. 3, required:

"No automobile liability * * * policy of insurance * * * shall be delivered or issued for delivery in this state * * * unless coverage is provided therein * * * for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles, *including colliding motor vehicles whose operators or owners are unknown or are unidentifiable at the time of the accident, and whose identity does not become known thereafter,* because of bodily injury, sickness or disease, including death, resulting therefrom. * * *" (Italics supplied.)

The phrase "colliding motor vehicles" unambiguously referred to vehicles where the operator or owner was unidentifiable as distinguished from a known operator or owner of an uninsured vehicle. The statute did not require an insurer to afford liability coverage to an insured for injuries resulting from an unidentified, noncontact vehicle, sometimes referred to as a "phantom" vehicle. A justification for this limitation is expressed by Professor Alan I. Widiss in A Guide to Uninsured Motorist Coverage, § 2.41, p. 81:

" * * * The physical contact requirement is designed to prevent fraudulent claims—as where a claimant alleges he has been driven off the highway by another vehicle, when in fact he lost control of his vehicle exclusively through his own negligence—and as such seems to be a reasonable limitation on the coverage provided by the endorsement." [8]

The trial judge, while noting that *Hennen v. St. Paul Mercury Ins. Co.,* Minn., 250 N.W.2d 840 (1977), may require a broader scope of judicial review of an arbitrator's award, declined to pass on either this statutory issue or the factual issue of physical contact, reasoning that the arbitrator's award was unassailable, absent fraud, "even if it would be considered erroneous or unsupported by competent evidence in a court of law." [9] We believe our decision in the *Hennen* case does represent a correct independent judicial determination of a coverage dispute. However, to the extent that *Hennen* may imply that the "reasonably debatable" standard established by *Dunshee* should determine the issue of arbitrability of a coverage dispute in judicial proceedings to vacate an arbitrator's award, it is modified by our decision in *State v. Berthiaume, supra,* and this case.

Because the record submitted would have compelled the trial court to find that there was no physical contact with the unidentified driver's vehicle, and that such precondition to coverage was in compliance with the statutorily mandated uninsured motorist coverage, the arbitrator clearly exceeded her powers and we must reverse and remand with directions to vacate the arbitrator's award.

Reversed and remanded.

TODD, J., took no part in the consideration or decision of this case.

---

8. The statute in effect at the date of the accident in this case was repealed by L. 1974, c. 408, § 33. Laws 1974, c. 408, § 9, was enacted and codified as Minn.St. 65B.49, subd. 4, which requires "uninsured or hit-and-run motor vehicle coverage." Section 65B.49, subd. 4, does not contain the phrase "colliding motor vehicles." We intimate no opinion in this case as to the validity of a policy requirement of physical contact under present Minnesota law as expressed in § 65B.49, subd. 4.

9. The trial court understandably lamented the absence of "guidelines" or precedent "for review of arbitration awards" in proceedings to vacate an award where the issue of arbitrability is presented. Hopefully, our decision in *State v. Berthiaume, supra,* may supply a partial answer and provoke consideration by the American Arbitration Association of the desirability of more explicit rules governing an arbitrator's determination of the issue of arbitrability by requiring findings of fact or some explanation of the arbitrator's resolution in cases such as *Dunshee* and the instant case.