**In the Matter of the Arbitration of Merlyn J. WOOG, claimant, Respondent,**

v.

**The HOME MUTUAL INDEMNITY COMPANY, Appellant.**

**No. C8–82–1529.**

Supreme Court of Minnesota.

Dec. 9, 1983.

Patrick G. Farnand, Minneapolis, for appellant.

Harry A. Sieben, Jr., Grose, Von Holtun, Sieben & Schmidt, Ltd., Minneapolis, for respondent.

SIMONETT, Justice.

Because the district court on a motion to vacate an arbitration award of underinsured motorist benefits failed to make a de novo review of the issues of arbitrability, we reverse the order confirming the award and remand for a district court review of the arbitrability issues.

On January 6, 1979, claimant-respondent Merlyn J. Woog was injured in a two-car automobile accident. At the time, she was driving an automobile owned by Woog Brothers Construction Company, which was insured under a commercial policy by appellant Home Mutual Indemnity Company. Apparently Ms. Woog had no employment relationship with the company that owned the car she was driving, but she is related by marriage to one of the company owners.

Ms. Woog recovered workers' compensation benefits, apparently because at the time of her accident she was in the scope and course of her employment with a separate employer. She also sued the driver of the other car and settled for $25,000, the limits of the liability insurance coverage on the other car. In addition, she recovered $6,000 in no-fault benefits from Home Mutual.

Ms. Woog's fourth claim, the one here involved, is for underinsured motorist benefits under Home Mutual Indemnity Company's policy on the company car. When Home Mutual objected to this claim, the district court ordered the insurer "to submit the matter to arbitration pursuant to the terms of the insurance policy * * *." In dispute, besides the question of what underinsured motorist benefits might be awarded, were issues of coverage, stacking, and set-off. No record of the arbitration proceeding was made, but Home Mutual claims it noted its objection to the arbitration panel's deciding the issues of coverage, stacking, and set-off. On April 22, 1982, in a split decision, the panel made its award: It found that Merlyn Woog's total damages were $135,000; that Ms. Woog had recovered $25,000 from the third-party tortfeasor and $6,000 in no-fault benefits; that the underinsured motorist coverage should be stacked; that Home Mutual was entitled to a $31,000 set-off; and, finally, that Home Mutual was obligated to pay claimant $104,-000 in underinsured motorist benefits.

Claimant Woog moved to confirm the arbitration award and Home Mutual moved

to vacate it. The trial court confirmed the award, stating that the "existence of any coverage for plaintiff and extent of coverage, was properly before the panel, and their determinations of law will prevail absent fraud, misconduct or corruption." Apparently the trial court was of the view that in the absence of fraud or other misconduct it was compelled to confirm the award without itself examining whether the issues of coverage, stacking, and set-off were arbitrable.

Home Mutual appeals, arguing that the order confirming the arbitration award be reversed and the matter remanded to the district court for a de novo review of the arbitrability issues. We agree.

What is arbitrable depends on what the parties intended to arbitrate. Apparently, the applicable clause of Home Mutual's policy is the following:

> If we and an insured disagree whether the insured is legally entitled to recover damages from the owner or driver of an uninsured motor vehicle or do not agree as to the amount of damages, either party may make a written demand for arbitration.

Does the scope of this arbitration clause include any or all of the issues of coverage, stacking, and set-off raised here by Home Mutual? The quoted clause is similar to the arbitration clauses in *Myers v. State Farm Mutual Automobile Insurance Co.,* 336 N.W.2d 288 (Minn.1983); and *United States Fidelity & Guaranty Co. v. Fruchtman,* 263 N.W.2d 66 (Minn.1978). In *Myers* we said:

> If it is "reasonably debatable" whether the scope of the arbitration clause includes a coverage dispute, this court has said that the coverage dispute should initially go to arbitration. *See Dunshee v. State Farm Mutual Automobile Insurance Co.,* 303 Minn. 473, 482, 228 N.W.2d 567, 572 (1975); *Rosenberger v. American Family Insurance Co.,* 309 N.W.2d 305, 308 (Minn.1981). The "reasonably debatable" test for arbitrability works particularly well for arbitration of labor disputes. *See State v. Berthiaume,* 259 N.W.2d 904 (1977). In auto insurance cases, where the question of coverage

goes not to the merits of a claim but to whether a claim exists, an arbitration clause must be quite broad in scope to encompass arbitrability of coverage.

336 N.W.2d at 290–91.

We went on in *Myers* to discuss *Fruchtman,* pointing out that the implicit holding of *Fruchtman* was that the coverage dispute (had a hit-and-run vehicle made physical contact) could have been presented directly to the district court. In *Fruchtman* and again most recently in *Matter of Markley,* 298 N.W.2d 27 (Minn.1980), we made clear that if the arbitrators rule on arbitrability, they should, preferably, make findings of fact or at least explain their ruling. We further stated that when the matter goes to district court, the court is not bound by the arbitrators' decision but the court must independently determine the arbitrability issues from the language of the arbitration agreement and such other admissible evidence as may be submitted.

Here we have no findings of fact nor any explanation of the panel's rulings on coverage, stacking, and set-off. Indeed, it is unclear what the dispute is about, much less if there is any merit to the dispute, except to the extent the dissenting arbitrator gives us a clue when he asserts a corporate veil was improperly pierced.

We assume the trial court initially found that it was "reasonably debatable" whether the issues of coverage, stacking, and set-off were within the scope of Home Mutual's arbitration clause. Consequently, it was proper for the trial court to refer the case to arbitration, subject to review by the court later. Having expressly noted its objection, Home Mutual had reserved its right to subsequent court review which it sought to obtain on its motion to vacate the arbitrators' award. On the cross-motions to affirm and to vacate the award, the trial court then had before it, for its own de novo review, the question of whether the arbitration panel had exceeded its powers, *i.e.,* whether the scope of the arbitration clause conferred on the arbitrators the authority to decide the issues of coverage, stacking, and set-off.

As we did in *Matter of Markley,* 298 N.W.2d 27 (Minn.1980), we must remand to the district court for a de novo review. The district court will need to take evidence and make findings of fact and conclusions of law. Here the arbitrability issue appears to have two parts: (1) Does the scope of the arbitration clause confer on the arbitration panel authority to decide the issues of coverage, stacking, and set-off? and (2) what, if any, are the "factual preconditions" to coverage and perhaps also to stacking? Even if the trial court decides that the panel acted within the scope of its authority on some or all of the issues, we think the trial court—particularly here where the panel did not explain its decision—should make its own findings of fact and conclusions of law on the merits of the coverage, stacking, and set-off questions so that, if this case should return to us, we will have an adequate record for appellate review.

Reversed and remanded for further proceedings.