**SAFECO INSURANCE COMPANY, Respondent,**

**v.**

**Fay Jane GOLDENBERG, Appellant.**

**No. CX–88–1688.**

Court of Appeals of Minnesota.

Feb. 14, 1989.

Review Denied April 19, 1989.

Robert W. Kettering, Jr., Eugene C. Shermoen, Jr., Arthur, Chapman & McDonough, Minneapolis, for respondent.

Peter W. Riley, DeParcq, Hunegs, Stone, Koenig & Reid, P.A., Minneapolis, for appellant.

Heard, considered and decided by HUSPENI, P.J., and STONE * and BOWEN, JJ.

## OPINION

ROBERT E. BOWEN, Judge.

Fay Jane Goldenberg appeals pursuant to Minn.Stat. § 572.26, subd. 1(3) (1988) from the trial court's June 13, 1988 order denying confirmation of that part of the arbitrators' award dealing with coverage and ordering a jury trial on the coverage issues.[1] The trial court, having found it was reasonably debatable whether the insurance policy arbitration provisions were broad enough to encompass coverage issues, ordered arbitration subject to the right of the insurance company to challenge the arbitrators' determination of coverage in subsequent judicial proceedings. Following arbitration, appellant moved the trial court for confirmation. Respondent opposed the motion and moved to vacate the award and for jury trial on the coverage issues. The trial court found the arbitrators had exceeded their powers by deciding coverage issues and vacated the coverage portion of the award. We affirm the vacation of the award. The trial court also granted a jury trial on the coverage issues. We reverse and remand for summary determination of the coverage issues.

## FACTS

On December 20, 1983, appellant was seriously injured in an automobile accident. The accident occurred on the westbound half of the Washington Avenue bridge. An unidentified car skidded in front of appellant causing her to lose control of the car she was driving and slide into the guardrail. Appellant got out of the car to inspect the damages and spoke with persons who had witnessed the accident. Within several minutes a 1976 Volkswagen Rabbit, driven by an uninsured motorist, struck

---

* Acting as judge of the court of appeals by appointment pursuant to Minn.Const. art. VI, § 2.

1. Respondent argues appellant appeals from a nonappealable order and the appeal should be dismissed as premature. By order dated October 11, 1988, this court held the trial court's order is appealable pursuant to Minn.Stat. § 572.26, subd. 1(3) (1988) (an appeal may be taken from an order confirming or denying confirmation of an award).

both appellant and the car she had been driving, seriously injuring appellant.

At the time of the accident, appellant was driving an insured vehicle loaned to her by Sears Imported Auto, where she had taken her own car for servicing. Respondent insures the Sears fleet and provides uninsured motorist coverage to persons occupying covered vehicles.

Appellant brought an uninsured motorist claim against her own insurer and, after successful arbitration, received the limits of that policy. Appellant also made an uninsured motorist claim against respondent, requesting arbitration. Respondent denied coverage, claiming appellant was not an insured because she was not occupying the vehicle at the time of the accident as required by the policy. Respondent declined arbitration and brought this declaratory judgment action. Appellant moved to compel arbitration, and respondent opposed the motion, denying coverage. The trial court ordered arbitration, reserving de novo review of the coverage issues.

The relevant policy provisions for uninsured motorist coverage under respondent's policy read:

A. Words and Phrases with Special Meaning.

\* \* \* \* \* \*

2. "Occupying" means in, upon, getting in, on, out or off.

\* \* \* \* \* \*

D. Who is insured.
1. You or any family member.
2. Anyone else occupying a covered auto or a temporary substitute for a covered auto.

\* \* \* \* \* \*

ARBITRATION
a. If we and an insured disagree whether the insured is legally entitled to recover damages from the owner or driver of an uninsured motor vehicle or do not agree as to the amount of dam-

ages, either party may make a written demand for arbitration. In this event, each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days, either may request that selection be made by a judge of a court having jurisdiction. Each party will pay the expenses it incurs and bear the expenses of the third arbitrator equally.

b. Unless both parties agree otherwise, arbitration will take place in the county in which the insured lives. Local rules of law as to arbitration procedure and evidence will apply. A decision agreed to by two of the arbitrators will be binding.

At arbitration, appellant testified she was in the process of moving her car off the bridge when the impact occurred. She testified she had her hand either on the driver's door handle or approaching it[2] when she saw a horrified look on the face of one of the bystanders. She testified that the next thing she knew, she was hit by a car and shoved into her car, and was lying on the ground with her feet under her car.

Respondent claims appellant was not an "occupant" of the insured vehicle within the meaning of the policy. Respondent argues appellant's claim that her hand was on the door handle was first mentioned at arbitration and in an affidavit prior to arbitration, but that in her previous two depositions she made no such claim.

The arbitrators made the following findings relevant to this appeal:

4. At the time of the accident, Claimant was an "occupant" of the loaned vehicle within the definition contained in the Safeco Insurance Policy.

\* \* \* \* \* \*

6. The liability limit for uninsured motorist coverage as contained in para-

---

2. As the trial court noted in its accompanying memorandum, how close a person must be to the auto to be an occupant is a matter of degree. Having one hand on a handle is occupancy. *Haagenson v. National Farmers Union Property*

*& Casualty Co.,* 277 N.W.2d 648, 652 (Minn. 1979). However, ten feet may be too far. *Ostendorf v. Arrow Insurance Co.,* 288 Minn. 491, 182 N.W.2d 190 (1970).

graph C of page 5 of the Safeco Policy is $700,000.00.

One of the three arbitrators dissented, saying: (1) the evidence did not support a finding that appellant had her hand on the car door at the time of impact, and (2) Finding No. 6 is not a finding that can or should be made by the arbitration panel.

Upon motion, the trial court vacated the coverage award (Findings 4 and 6) because the arbitrators exceeded their powers. *See* Minn.Stat. § 572.19, subd. 1(3) (1988). The trial court ordered a de novo jury trial on the coverage issues. This appeal followed.

## ISSUE

Did the trial court err in finding that the arbitrators exceeded the scope of their powers by deciding coverage issues not properly subject to arbitration, vacating the portion of the award dealing with coverage, and ordering a de novo jury trial on the coverage issues?

## ANALYSIS

■ Where the issue of scope of an arbitration agreement or the arbitrability of a particular question is raised in judicial proceedings to vacate an arbitration award, the trial court is not bound by the decision of the arbitrators, but must independently determine the question of scope by ascertaining the parties' intent from the language of their written agreement and such other admissible evidence as may be submitted to resolve questions of law or fact. *United States Fidelity & Guaranty Co. v. Fruchtman*, 263 N.W.2d 66, 69 (Minn. 1978). The trial court's findings of fact shall not be set aside unless clearly erroneous. Minn.R.Civ.P. 52.01. Conclusions of law made by the trial court are not binding on appeal. *A.J. Chromy Construction Co. v. Commercial Mechanical Services, Inc.*, 260 N.W.2d 579, 582 (Minn.1977).

Appellant argues the coverage issues are factual and not legal determinations and arbitrators are the final judges of fact questions regardless of whether those questions ultimately decide coverage. Appellant argues also that the arbitrators did

not exceed their powers and their award as to coverage should be confirmed.

Two coverage issues are involved: (1) whether appellant was an occupant of a covered auto and thus an insured under the policy; and (2) the total amount of uninsured motorist coverage available under the policy. Occupancy is a precondition to coverage. Where the insurance company denies coverage claiming a factual precondition to coverage has not been established, i.e., the claimant was not an occupant of a covered auto, the question arises whether the coverage dispute is subject to arbitration. *See* Minn.Stat. § 572.09(a) (1988); *Fruchtman*, 263 N.W.2d at 71.

When first addressing this question, the Minnesota Supreme Court said that where the intended scope of the arbitration provision is reasonably debatable, the issue of coverage should be initially determined by arbitration subject to the right of the insurance company to challenge the arbitrators' determination of coverage in judicial proceedings to vacate any award. *See Dunshee v. State Farm Mutual Automobile Insurance Co.*, 303 Minn. 473, 228 N.W.2d 567 (1975). Later, however, the Minnesota Supreme Court said:

Where coverage is preconditioned on the establishment of facts, such as in this case, concerning either the unidentifiability of the operator or owner of a "hit-and-run vehicle" or its physical contact with the insured's vehicle, such factual disputes must be tried and resolved by the trial court accompanied by findings of fact. Rule 52.01, Rules of Civil Procedure. If such factual preconditions are not established, coverage is not afforded by the policy, and the objecting party must be protected from the burden of unauthorized arbitration of both the coverage dispute and the merits of the insured's claim.

*Fruchtman*, 263 N.W.2d at 71.

The supreme court said its decision in *Fruchtman* was "consistent with what would have been the compelled decision in *Dunshee* had the insurance company in that case pursued and proved its initial factual basis for denying coverage." *Id.* at

72. The supreme court noted if the insurance company had pursued and proved its factual basis for denying coverage, rather than abandoning it, arbitration on the merits of the insured's claim would have been properly denied. *Id.* at 72 n. 6.

The Minnesota Supreme Court again addressed the issue of arbitration where coverage is disputed in a subsequent case. *See Myers v. State Farm Mutual Automobile Insurance Co.*, 336 N.W.2d 288 (Minn. 1983). *Myers* involved an arbitration clause "worded essentially the same" as the clause in *Fruchtman* (and the clause in this case). *See id.* at 290–91. The supreme court said in *Myers:*

> In auto insurance cases, where the question of coverage goes not to the merits of a claim but to whether a claim exists, an arbitration clause must be quite broad in scope to encompass arbitrability of coverage. * * * [I]mplicit in our holding [in *Fruchtman*] was the conclusion that * * * it was not "reasonably debatable" whether the coverage dispute was within the scope of the arbitration clause. * * * [I]t is not inappropriate for the parties to seek, as they both do seek here, a judicial determination of coverage prior to arbitration.

*Id.* (citations omitted).

Clarifying the role of arbitrators in a recent decision decided after the trial court's order in this matter, the Minnesota Supreme Court said:

> Generally, arbitration law states that arbitrators are the final judges of both law and fact. *State, by Sundquist v. Minnesota Teamsters Public and Law Enforcement Employees Union Local No. 320*, 316 N.W.2d 542, 544 (Minn. 1982). Courts assume that arbitrators are faithful to their obligations, absent a clear showing that their authority has been exceeded. *Hilltop Construction, Inc. v. Lou Park Apartments*, 324 N.W. 2d 236 (Minn.1982). Indeed, a court will not even set aside an arbitration award because it thinks the arbitrators erred as to the law or facts, as long as the reasoning and judgment are consistent. *Cournoyer v. American Television and Ra-*

*dio Co.*, 249 Minn. 577, 580, 83 N.W.2d 409, 411–12 (1957).

This doctrine works well in labor arbitration where contracts are often ambiguous and the parties have a history of dealing. *See State v. Berthiaume*, 259 N.W.2d 904 (Minn.1977). However, we noted in *Myers v. State Farm Mutual Auto Insurance Co.*, 336 N.W.2d 288, 290–91 (Minn.1983), that coverage issues under an insurance policy are not the same as coverage issues under a labor collective bargaining agreement. We implied in *Myers* that the coverage issue in this appeal is not arbitrable.

We think that consistency mandates that the courts interpret the no-fault statutes, not various panels of arbitrators. Therefore, we hold that in the area of automobile reparation, arbitrators are limited to deciding issues of fact, leaving the interpretation of the law to the courts. In this case, the measure of the gap between Johnson's damages and the available liability insurance is an issue of law which must be determined by the court, not by the arbitration panel.

*Johnson v. American Family Mutual Insurance Co.*, 426 N.W.2d 419, 421 (Minn. 1988).

■ We interpret the supreme court's directive as requiring the trial court to determine any coverage issues before ordering arbitration. However, if the trial court for some reason (such as existed in *Dunshee*) orders arbitration and the arbitrators decide a coverage issue, the trial court may and should review the coverage issue if raised by post-award motion.

Here, the trial court, specifically electing to follow *Dunshee* rather than *Fruchtman* and *Myers*, found it was reasonably debatable whether a coverage dispute is in the scope of the arbitration clause, and ordered arbitration subject to de novo review. On review, the trial court vacated the portion of the award dealing with coverage because the arbitrators exceeded their powers. The Minnesota Supreme Court has upheld this approach under a procedural posture similar to that presented here. *See*

*Woog v. Home Mutual Indemnity Co.,* 340 N.W.2d 863, 865 (Minn.1983).

On de novo review, the supreme court directs the trial court to determine (1) whether the scope of the arbitration clause confers authority on the arbitration panel to decide coverage issues, and (2) what, if any, are the "factual preconditions" to coverage. *Woog,* 340 N.W.2d at 866. The trial court must then take evidence submitted by the parties, including additional evidence not presented to the arbitrators, if any, and make its own findings of fact and conclusions of law on the merits of coverage. *Id.; Fruchtman,* 263 N.W.2d at 69.

In this case, the trial court on its de novo review of coverage issues correctly determined that the scope of the arbitration clause did not confer authority to arbitrate issues of coverage, and vacated the arbitrators' award as to coverage because the arbitrators exceeded the scope of their powers. We affirm the trial court's decision to vacate the arbitrators' award. Occupancy is a precondition to uninsured motorist coverage and thus is a coverage issue beyond the scope of arbitration. *See Myers,* 336 N.W.2d at 291; *Fruchtman,* 263 N.W.2d at 71. The liability limit is an issue of law which must be determined by the court, not by the arbitration panel. *See Johnson,* 426 N.W.2d at 421; *Woog,* 340 N.W.2d at 866 (discussing coverage, stacking and set-off).

However, the trial court failed to determine the factual preconditions, take evidence, and make its own findings of fact and conclusions of law on the coverage issues. We reverse the trial court's decision ordering a jury trial on the coverage issues. We remand the coverage issues to the trial court for a de novo summary determination of the questions of law and fact, with instructions to receive evidence in addition to that presented to the arbitrators, if any, and make its own findings of fact and conclusions of law on the merits of coverage. *See Johnson,* 426 N.W.2d at 421; *Woog,* 340 N.W.2d at 866; *Myers,* 336 N.W.2d at 290–91; *Fruchtman,* 263 N.W.2d at 71.

DECISION

The trial court did not err by making a de novo review of coverage issues and vacating the arbitrators' award on coverage because the arbitrators exceeded the scope of their powers. The trial court did err by granting a jury trial on the coverage issues, and we remand for a de novo summary determination of coverage.

Affirmed in part, reversed in part and remanded.