IN THE SUPREME COURT OF TEXAS








IN THE SUPREME COURT OF TEXAS
 
════════════
No. 07-0135
════════════
 
East Texas Salt Water Disposal 
Company, Inc., Petitioner,
 
v.
 
Richard Leon Werline, Respondent
 
════════════════════════════════════════════════════
On Petition for Review from the
Court of Appeals for the Sixth District of 
Texas
════════════════════════════════════════════════════
 
 
Argued January 16, 
2008
 
 
            
Justice Hecht delivered the 
opinion of the Court, in which Justice 
O’Neill, Justice Wainwright, Justice Johnson, Justice Willett, and Justice Guzman joined.
 
            
Justice Willett filed a 
concurring opinion.
 
            
Chief Justice Jefferson 
filed a dissenting opinion, in which Justice Medina and Justice Green joined.
 
 
            
The issue in this case is whether the Texas General Arbitration Act 
(TAA)[1] allows an appeal from a trial court’s 
order that denies confirmation of an arbitration award and instead, vacates the 
award and directs that the dispute be arbitrated anew. We hold that it does and 
accordingly affirm the judgment of the court of appeals.[2]
I
            
Petitioner East Texas Salt Water Disposal Company, an oilfield service 
business, employed respondent Richard Leon Werline, an 
experienced petroleum engineer, as its Operations Manager under a written 
Employment Agreement. If the Company materially breached the Agreement, Werline had the right to terminate and receive two years’ 
salary as severance pay. A little over halfway into the Agreement’s five-year 
term, Werline gave notice of termination and demanded 
severance pay, claiming that the Company had changed his position and stripped 
him of his duties. The Company denied that it had breached the Agreement and 
contended that Werline had simply quit. As required by 
the Agreement, Werline and the Company submitted their 
dispute to “final and binding” arbitration. They selected an AAA arbitrator, 
who, after a three-day hearing, found for Werline and 
awarded him severance pay ($244,080.00), stipulated attorney fees ($28,272.50) 
and expenses ($11,116.76), and costs ($9,535.73).
            
The Company petitioned the district court to vacate, modify, or correct 
the award, and Werline counterclaimed for 
confirmation. The Company did not assert in its petition, and made no effort to 
establish, any of the grounds for vacating, modifying, or correcting an 
arbitration award under the TAA.[3] Rather, the Company argued that the award 
was so contrary to the evidence that it was arbitrary and capricious and 
therefore the arbitrator must have been biased. Although Werline objected that these were not statutory grounds for 
vacating an arbitration award, he and the Company submitted the verbatim record 
of the arbitration hearing to the court and proceeded to argue their dispute all 
over again.
            
The court’s judgment denied confirmation and vacated the arbitration 
award, holding that “the material factual findings in the Award are so against 
the evidence . . . that they manifest gross 
mistakes in fact and law”.[4] The judgment also ordered that the matter 
be “re-submitted to arbitration by a new arbitrator with the sole issue before 
that Arbitrator being whether or not there was a material breach of the 
Employment Agreement by ETSWD [the Company] consistent with the findings in this 
Judgment.” Those findings were:
•           
“There is no evidence to support a finding of a material breach of any 
provision of the Employment Agreement”;
 
•           
“[A]n assignment of new and/or additional duties for Werline 
. . . was . . . not a material breach of the 
Employment Agreement”;
 
•           
“The change in Werline’s title . . . was not a material breach of the 
Employment Agreement”;
 
•           
“There is no evidence to support a finding that . . . a 
material breach was committed by the Board of Directors, officers, or 
representatives of ETSWD with regard to Werline and 
the Employment Agreement”; and
 
•           
“Werline voluntarily resigned his employment 
with ETSWD”.
Thus, the 
do-over the court ordered was to be one in which every material fact, and even 
the result itself, were already conclusively established against Werline.
            
Werline appealed. The court of appeals held 
that it had jurisdiction to consider the appeal,[5] that there was evidence to support the 
award,[6] and that “[t]he arbitrator did not err so 
egregiously as to imply bad faith or a failure to exercise honest judgment”.[7] Accordingly, the court reversed the trial 
court’s judgment and rendered judgment confirming the award.[8]
            
The Company petitions for review on one ground only: that the court of 
appeals had no jurisdiction over the appeal under section 171.098(a) of the 
TAA.
II
            
Section 171.098(a) states:
A party may appeal a judgment or decree entered under this 
chapter or an order:
(1) denying an application to compel 
arbitration . . . ;
(2) granting an application to stay 
arbitration . . . ;
(3) confirming or denying 
confirmation of an award;
(4) modifying or correcting an award; 
or
(5) vacating an 
award without directing a rehearing.
The district 
court’s judgment expressly denied confirmation of Werline’s arbitration award and was thus appealable under subsection (3).
            
But the Company argues that the statute cannot be read so simply or so 
literally. Rather, the Company contends, subsection (5) implies (though it does 
not state) that a court order vacating an award and directing a rehearing 
is not appealable, and that implication creates 
an exception to subsection (3), so that an order denying confirmation and 
therefore appealable under subsection (3) is rendered 
not appealable by subsection (5) if it also vacates 
the award and directs a rehearing. For several reasons, we disagree.
            
First: The court’s judgment denying confirmation of the 
arbitration award fits squarely under subsection (3). The judgment is not 
insulated from appellate review expressly conferred under subsection (3) merely 
because the trial court also vacated the award and directed a rehearing. In 
denying Werline’s request for confirmation of the 
award, the district court made clear that it rejected the award and all bases on 
which it rested. The court went so far as to hold that the material facts the 
parties had vigorously disputed in the first arbitration should all be 
established against Werline in the second 
arbitration.
            
When an arbitration award is unclear or incomplete or contains an obvious 
error, a limited rehearing to correct the problem is but a preface to 
determining confirmation, not a decision on the issue. If, for example, the 
arbitrator’s award required clarification or interpretation,[9] a rehearing for that limited purpose 
would not necessarily be a denial of confirmation of the award, but merely a 
deferral of final ruling until the arbitration was complete. When rehearing is 
necessary for the issue of confirmation to be fully presented, vacatur pending rehearing is not appealable, not because the order falls outside subsection 
(5), but because it falls outside subsection (3) and the rest of section 
171.098(a).
            
Second: The Company’s argument requires that subsection (5) 
operate as an exception to subsection (3), even though it provides a separate 
basis for appeal. In essence, the Company reads subsection (3) to allow an 
appeal from an order denying confirmation unless it also vacates the 
award and directs rehearing. But section 171.098(a) is a disjunctive list of 
orders that can be appealed; it does not list orders that cannot 
be appealed. The five subsections are connected by “or”. To equate
“denying confirmation . . . 
or . . . vacating an award without directing a rehearing”
with
denying confirmation . . . but not if 
. . . vacating an award and directing a rehearing
 
is a strange reading of the word “or”. Instead of two 
separate categories of appealable orders, the Company 
argues there should be but one smaller category. The proper construction of 
section 171.098(a) gives full, literal effect to subsections (3) and (5) both. 
An order denying confirmation can be appealed, just as subsection (3) provides, 
including a denial of confirmation in the form of a vacatur with rehearing; and an order vacating an arbitration 
award without directing rehearing can be appealed, just as subsection (5) 
provides.
            
Third: Because Texas law favors arbitration,[10] judicial review of an arbitration award 
is extraordinarily narrow.[11] The right of appeal provided by section 
171.098(a) assures that a trial court does not exceed the limitations on its 
authority to review an arbitration award. Those limitations would be 
circumvented if re-arbitration could be ordered for reasons that would not 
justify denying confirmation, and appeal thereby delayed. As the United States 
Court of Appeals for the Fifth Circuit has observed: “Such a result would 
disserve the policies that promote arbitration and restrict judicial review of 
awards.”[12] And where, as 
here, the parties have agreed to “final and binding” arbitration only for the 
Company to be given a Mulligan, their right to contract is also subverted.
            
The Company argues that the district court’s order should not be appealable because it was like granting a motion for new 
trial in a case, which is not appealable. But the 
analogy does not fit. A new trial occurs in the court that granted the motion; 
the rehearing here is not before the trial court but a separate tribunal, a new 
arbitrator. The district court’s order is more like remanding an administrative 
decision to the agency for further proceedings, which is ordinarily 
appealable.[13] A still closer analogy would be to Texas appellate procedure. An appellate 
court may direct a trial court to take corrective action while the appeal 
remains pending to allow proper presentation of the appeal,[1][4] and that directive is not appealable. But an appellate court judgment remanding a case 
to the trial court for a new trial is certainly appealable. Similarly, an order vacating an arbitration 
award and directing rehearing for the limited purpose of correcting, clarifying, 
or completing the arbitration to allow proper presentation of issues relating to 
confirmation is not appealable, while an order 
requiring a new arbitration is as final a decision as an appellate court’s 
remand of a case to a trial court for a new trial, and therefore appealable.
            
Fourth: The law in other states does not require that we embrace 
the Company’s argument. The TAA provides that it “shall be construed to effect its purpose and make uniform the construction of other 
states’ law applicable to an arbitration.”[15] Other states 
appear to differ in whether an appeal should be allowed in the situation here 
presented, although many cases are far from clear. In New York, where there is 
no statute governing appeals in arbitration cases specifically, an appeal would 
be allowed.[16] One other 
state, West Virginia, has no specific statute. The Uniform Arbitration 
Act[17] or the Revised Uniform Arbitration 
Act[18] provision regarding appeals has been 
adopted in thirty-four other states and the District of Columbia,[19] and two other states have similar 
provisions.[20] But even in these thirty-seven 
jurisdictions with similar statutory language, the decisions directly addressing 
this issue fail to reach any sort of consensus. Courts in seven states — 
California,[21] Kentucky,[22] Maine,[23] Nebraska,[24] Nevada,[25] North Carolina[26] and South Dakota[27] — and in the District of 
Columbia[28] have dismissed appeals from orders 
similar to the order in this case providing both for vacatur and a rehearing. Courts in four states — 
Arizona,[2][9] Massachusetts,[30] Tennessee[31] and Utah[32] — have not. Courts in at least two 
states — Minnesota[33] and Missouri[34] — have gone both ways. Six states have 
statutes more like the FAA.[35] Courts in one of those states — Ohio — 
appear to allow appeals when the federal courts would.[36] Two other states have statutes more like 
the FAA but in limited contexts.[37] Three states have statutes allowing 
appeals in arbitration cases as in other civil cases.[38] Of these, one, Alabama,[39] would apparently allow an appeal like 
the one before us. Thus, the seventeen jurisdictions, other than Texas, that 
have considered whether to allow appeal in a situation like the one in this case 
appear about evenly divided on the issue. As a result, to “make uniform the 
construction of other states’ law” on the subject before us, as the TAA 
mandates,[4][0] is beyond our power. We honor the 
statute’s spirit by making matters no worse than they already are.
            
Two courts of appeals have concluded that an appeal should not be allowed 
in this situation, and to that extent, we disapprove them.[41]
* * *
            
In sum: The district court’s order denied confirmation, expressly and 
effectively, and was thus made appealable by the 
literal text of the TAA. The judgment of the court of appeals is accordingly
            
            
            
            
            
            
            
            
            
            
            
         Affirmed.
 
            
            
            
            
            
            
            
            
            
            
            
            
            

            
            
            
            
            
            
Nathan L. Hecht
            
            
            
            
            
            
Justice
Opinion delivered: March 12, 
2010






[1] Tex. Civ. Prac. & Rem. Code 
§§ 171.001-.098. All 
references to the TAA are to these provisions.

[2] 209 S.W.3d 888, 901 (Tex. App.–Texarkana 
2006).

[3] 
Id. at 
898 n.13 (“We note East Texas has not alleged any 
grounds [for vacatur] under the TAA.”).
 
                
    The grounds for vacating an award are set out in 
section 171.088(a), which states: “On application of a party, the court shall 
vacate an award if: (1) the award was obtained by corruption, fraud, or other 
undue means; (2) the rights of a party were prejudiced by: (A) evident 
partiality by an arbitrator appointed as a neutral arbitrator; (B) corruption in 
an arbitrator; or (C) misconduct or wilful misbehavior 
of an arbitrator; (3) the arbitrators: (A) exceeded their powers; (B) refused to 
postpone the hearing after a showing of sufficient cause for the postponement; 
(C) refused to hear evidence material to the controversy; or (D) conducted the 
hearing, contrary to Section 171.043, 171.044, 171.045, 171.046, or 171.047, in 
a manner that substantially prejudiced the rights of a party; or (4) there was 
no agreement to arbitrate, the issue was not adversely determined in a 
proceeding under Subchapter B, and the party did not participate in the 
arbitration hearing without raising the objection.”
 
                
    The grounds for modifying or correcting an award are 
set out in section 171.091(a), which states: “On application, the court shall 
modify or correct an award if: (1) the award contains: (A) an evident 
miscalculation of numbers; or (B) an evident mistake in the description of a 
person, thing, or property referred to in the award; (2) the arbitrators have 
made an award with respect to a matter not submitted to them and the award may 
be corrected without affecting the merits of the decision made with respect to 
the issues that were submitted; or (3) the form of the award is imperfect in a 
manner not affecting the merits of the controversy.”

[4] 
The court’s judgment also stated that “[t]he Arbitrator . . . exceeded his authority by not 
limiting his findings and award to those issues contractually established in the 
Employment Agreement”, even though the Agreement called for arbitration of “any 
disagreement . . . under any provision”, and the arbitrator found that 
Werline was entitled to severance pay under the 
“Employer Breach” provision of the Agreement. The Company does not argue on 
appeal that the arbitrator exceeded his authority by deciding issues outside the 
contractual scope of arbitration.

[5] 209 S.W.3d at 896.

[6] Id. at 
901. The court commented: “We are 
not convinced an arbitration award can be reviewed for legal sufficiency of the 
evidence. . . . However, it is not necessary for us to decide this 
issue since . . . there is clearly more than 
a scintilla of evidence supporting the 
arbitrator’s award.” Id. at 898 n.14. We, of 
course, express no opinion on the subject.

[7] Id. at 
901. Although the Company did not 
assert any statutory basis for vacating the award, the court held that the 
common law, in addition to the TAA, allows an arbitration to be set aside for 
“(1) fraud; (2) misconduct; or (3) such gross mistake as would imply bad faith 
and failure to exercise honest judgment.” Id. at 898 (citing Riha v. Smulcer, 843 
S.W.2d 289, 292 (Tex. App.–Houston [14th Dist.] 1992, writ denied)). We express 
no opinion on this issue.

[8] 209 S.W.3d at 901.

[9] 
See, 
e.g., Forsythe Int’l, S.A. v. Gibbs Oil Co., 915 F.2d 1017, 1020 
(5th Cir. 1990), citing Hanford Atomic Metal Trades Council, AFL-CIO v. Gen. 
Elec. Co., 353 F.2d 302, 307-308 (9th Cir. 1965) (“We share the view of the 
district court that the opinion required clarification and interpretation. We 
also share the view of the district court that this was a task to be first 
performed by the arbitration committee and not the court, and that the court 
properly remanded the matter to the arbitration committee for such clarification 
and interpretation.”); Hartford Steam Boiler Inspection and Ins. Co. v. 
Underwriters at Lloyd’s and Cos. Collective, 857 A.2d 893, 905-906 (Conn. 
2004).

[10] Prudential 
Sec., Inc. v. Marshall, 909 S.W.2d 896, 
898 (Tex. 1995) (per curiam) (“Arbitration of disputes 
is strongly favored under federal and state law.”) (citing, e.g., Moses H. Cone Mem’l Hosp. v. Mercury Constr. 
Corp., 460 U.S. 1, 24-25 (1983)).

[11] CVN Group, 
Inc. v. Delgado, 95 S.W.3d 234, 238 
(Tex. 2002) (“[W]e have long held that ‘an award of arbitrators upon matters 
submitted to them is given the same effect as the judgment of a court of last 
resort. All reasonable presumptions are indulged in favor of the award, and none 
against it.’” (quoting City of San Antonio v. McKenzie Constr. Co., 150 S.W.2d 989, 996 (Tex. 1941) (“The 
courts will not overthrow an award such as this, except in a very clear 
case.”))).

[12] Forsythe Int’l, S.A. v. Gibbs Oil Co., 915 F.2d 1017, 1020 (5th Cir. 
1990).

[13] See, 
e.g., Tex. Gov’t Code §§ 2001.174 (allowing remand after judicial review 
in certain administrative cases) and 2001.901 (allowing appeal); see also 
R. R. Comm’n of Tex. v. Home Transp. Co., 654 S.W.2d 432 (Tex. 1983), and R.R. 
Comm’n of Tex. v. Vidaurri 
Trucking, Inc., 661 S.W.2d 94 (Tex. 1983) (both holding final, for purposes 
of appeal, a trial court remand to an agency, even with certain conditions or 
reservations, under former Tex. Rev. Civ. Stat. Ann. 
art. 6252-13a, § 19(e), a statutory 
predecessor to Tex. Gov’t Code 
§ 2001.174).

[14] Tex. R. App. P. 44.4 (“[I]f the trial court’s erroneous action or 
failure or refusal to act prevents the proper presentation of a case to the 
court of appeals . . . and . . . 
the trial court can correct its action or failure to act . . . , 
the court of appeals must direct the trial court to correct the error [and] will 
then proceed as if the erroneous action or failure to act had not 
occurred.”).

[15] Tex. Civ. Prac. & Rem. Code § 
171.003.

[16] In re 
Baar & Beards, Inc., 282 N.E.2d 624, 625 (N.Y. 1972) (“An order vacating an 
arbitration award and directing a new arbitration before new arbitrators is 
final and appealable.”).

[17] Unif. Arbitration Act § 19(a), 7 U.L.A. 739 (1956) (“An appeal may be 
taken from: (1) An order denying an application to compel arbitration made under 
Section 2; (2) An order granting an application to stay arbitration made under 
Section 2(b); (3) An order confirming or denying confirmation of an award; (4) 
An order modifying or correcting an award; (5) An order vacating an award 
without directing a rehearing; or (6) A judgment or decree entered pursuant to 
the provisions of this act.”).

[18] Rev. Unif. Arbitration Act § 28(a), 7 U.L.A. 94 (2000) (“An appeal may be 
taken from: (1) an order denying a [motion] to compel arbitration; (2) an order 
granting a [motion] to stay arbitration; (3) an order confirming or denying 
confirmation of an award; (4) an order modifying or correcting an award; (5) an 
order vacating an award without directing a rehearing; or (6) a final judgment 
entered pursuant to this [Act].”).

[19] Alaska Stat. § 09.43.550; Ariz. Rev. Stat. 
Ann. § 12-2101.01; Ark. 
Code Ann. 
§ 16-108-219; Colo. Rev. Stat. § 13-22-228; Del. Code Ann. tit. 10, § 5719; D.C. Code § 16-4427; Fla. Stat. § 682.20; Haw. Rev. Stat. § 658A-28; 
Idaho Code Ann. § 7-919; 
Ind. Code § 34-57-2-19; 
Iowa Code § 679A.17; 
Kan. Stat. Ann. § 5-418; Ky. Rev. Stat. Ann. § 417.220; 
Me. Rev. Stat. Ann. tit. 14, 
§ 5945; Mass. Gen. Laws ch. 251, § 18 and ch. 150C, § 16; Minn. Stat. § 572.26; Mo. 
Rev. Stat. § 435.440; 
Mont. Code Ann. § 27-5-324; Neb. Rev. Stat. § 25-2620; 
Nev. Rev. Stat. § 38.247; N.J. Stat. Ann. § 2A:23B-28; N.M. Stat. § 44-7A-29; N.C. Gen. Stat. § 1-569.28; N.D. Cent. Code § 32-29.3-28; Okla. Stat. tit. 
12, § 1879; Or. Rev. Stat. § 36.730; 42 
Pa. Cons. Stat. § 7320; S.C. Code Ann. § 15-48-200; S.D. Codified Laws § 21-25A-35; 
Tenn. Code Ann. § 29-5-319; Utah Code Ann. § 78B-11-129 (amended, in 2003, at (f), to “a 
final judgment entered pursuant to this chapter”); Vt. Stat. Ann. 
tit. 12, § 5681; Va. Code Ann. § 8.01-581.016; Wash. Rev. Code § 7.04A.280; 
Wyo. Stat. Ann. 
§ 1-36-119.

[20] A Mississippi 
statute that applies only to arbitration under construction contracts uses UAA 
language. Miss. Code 
Ann. § 11-15-141. A 
California statute uses language similar to the UAA. Cal. Civ. Proc. Code § 1294 (“An 
aggrieved party may appeal from: (a) An order 
dismissing or denying a petition to compel arbitration. (b) An order dismissing 
a petition to confirm, correct or vacate an award. (c) An order vacating an 
award unless a rehearing in arbitration is ordered. (d) A judgment entered 
pursuant to this title. (e) A special order after final 
judgment.”).

[21] Long Beach 
Iron Works, Inc. v. Int’l Molders & Allied Workers Union of N. Am., Local 
374, 103 Cal. Rptr. 200 (Cal. Ct. App. 1972); accord Kamboj v. Schofield, No. C048320, 2005 Cal. App. Unpub. LEXIS 5944, 2005 WL 1581255 (Cal. Ct. App. July 7, 
2005).

[22] Paul 
Miller Ford, Inc. v. Craycraft, Nos. 2005-CA-000634-MR and 2005-CA-000692-MR, 2005 Ky. 
App. LEXIS 152, 2005 WL 1593418 (Ky. Ct. App. July 8, 2005).

[23] Me. Dep’t of Transp. v. Me. 
State Employees Ass’n, 581 A.2d 813 (Me. 1990); Crowley-King v. Kennebec 
Valley Radiology, P.A., 580 A.2d 687 (Me. 1990).

[24] Neb. Dep’t of Health & Human Servs. v. 
Struss, 623 
N.W.2d 308 (Neb. 2001).

[25] Karcher Firestopping v. Meadow Valley 
Contractors, Inc., 204 P.3d 1262 (Nev. 
2009).

[26] In re 
Arbitration Between the State of N.C. & Davidson 
& Jones Constr. Co., 323 S.E.2d 466 (N.C. Ct. App. 1984).

[27] Double Diamond Constr. v. 
Farmers Coop. Elevator Ass’n, 656 N.W.2d 744 (S.D. 2003).

[28] Connerton, Ray & Simon v. Simon, 791 A.2d 86 (D.C. 2002) (per curiam).

[29] Wages v. Smith Barney Harris Upham & Co., 
937 P.2d 715 (Ariz. Ct. App. 1997).

[30] Fazio v. Employers’ Liab. 
Assur. Corp., 
197 N.E.2d 598 (Mass. 1964); Bernard v. Hemisphere Hotel Mgmt., Inc., 450 N.E.2d 1084 (Mass. App. Ct. 
1983).

[31] Boyle v. Thomas, No. 02A01-9601-CV-00022, 1997 Tenn. App. LEXIS 807, 
1997 WL 710912 (Tenn. Ct. App. Nov. 17, 1997).

[32] Hicks v. 
UBS Fin. Servs., No. 20080950-CA, 2010 Utah App. LEXIS 20, 2010 WL 
375564 (Utah Ct. App. Feb. 4, 2010).

[33] Kowler Assocs. v. Ross, 544 N.W.2d 800 (Minn. Ct. App. 1996) (dismissing 
appeal); Safeco Ins. Co. v. Goldenberg, 435 N.W.2d 616 (Minn. Ct. App. 
1989) (allowing appeal).

[34] Crack Team 
USA, Inc. v. Am. Arbitration Ass'n, 128 S.W.3d 580 (Mo. Ct. App. 2004) (dismissing 
appeal); Air Shield Remodelers, Inc. v. Biggs, 
969 S.W.2d 315 (Mo. Ct. App. 1998) (allowing appeal); Nat’l Ave. Bldg. Co. v. 
Stewart, 910 S.W.2d 334 (Mo. Ct. App. 1995) (allowing 
appeal).

[35] Conn. Gen. 
Stat. § 52-423 (“An appeal may be taken 
from an order confirming, vacating, modifying or correcting an award, or from a 
judgment or decree upon an award, as in ordinary civil actions.”); 
La. Rev. Stat. Ann. 
§ 9:4215 (“An appeal may be taken from an order confirming, modifying, 
correcting, or vacating an award, or from a judgment entered upon an award, as 
from an order or judgment in an action.”); N.H. Rev. Stat. Ann. § 542:10 (“An 
appeal may be taken from an order confirming, modifying, correcting, or vacating 
an award, or from a judgment entered upon an award as in the case of appeals 
from the superior to the supreme court.”); Ohio Rev. Code Ann. § 2711.15 (“An 
appeal may be taken from an order confirming, modifying, correcting, or vacating 
an award made in an arbitration proceeding or from judgment entered upon an 
award.”); R.I. Gen. Laws 
§ 10-3-19 (“Any party aggrieved by any ruling or order made in any court 
proceeding as authorized in this chapter may obtain review as in any civil 
action, [including] an order confirming, modifying or vacating an award 
. . . .”); Wis. 
Stat. § 788.15 (“An appeal may be taken from an order confirming, 
modifying, correcting or vacating an award, or from a judgment entered upon an 
award, as from an order or judgment in an action.”).

[36] Cleveland 
Police Patrolmen’s Ass’n v. Cleveland, 668 N.E.2d 548 (Ohio Ct. App. 1995) (allowing appeal 
when trial court ordered re-arbitration of the only claim made, distinguishing 
Stewart v. Midwestern Indem. Co., 543 N.E.2d 
1200 (Ohio 1989) (disallowing appeal when trial court remanded for panel to 
complete arbitration by considering claim not previously 
decided)).

[37] Md. Code Ann., 
Cts. & Jud. Proc. § 3-2B-08 (appeals from international 
commercial arbitrations); Mich. Comp. Laws § 600.5082 (appeals from arbitrations in 
domestic relations cases).

[38] Ala. Code § 6-6-15 (“Either party may appeal from an award . . . . as in other 
cases.”); Ga. Code Ann. 
§ 9-9-16 (“Any judgment or any order considered a final judgment under this 
part may be appealed . . . .”); 710 Ill. Comp. Stat. 5/18 (“Appeals 
may be taken in the same manner, upon the same terms, and with like effect as in 
civil cases.”).

[39] Jenks v. 
Harris, 990 So. 2d 
878 (Ala. 2008).

[40] Tex. Civ. Prac. & Rem. Code § 
171.003.

[41] Thrivent Fin. for Lutherans v. Brock, 251 S.W.3d 621 (Tex. App.–Houston [1st Dist.] 2007, no 
pet.); Stolhandske v. Stern, 14 S.W.3d 
810, 815 (Tex. App.–Houston [1st Dist.] 2000, pet. denied); Prudential Sec., 
Inc. v. Vondergoltz, 14 S.W.3d 329 (Tex. 
App.–Houston [14th Dist.] 2000, no 
pet.).