Henry **GENDREAU**, Appellant,

v.

**FOREMOST INSURANCE COMPANY**, Respondent.

No. C0–87–2323.

Court of Appeals of Minnesota.

May 17, 1988.

George Gaffaney, Gaffaney & Velde Law Firm, Ltd., Alexandria, for appellant.

John Lervick, Swenson, Grover, Leverick, Syverson & Battey, Ltd., Alexandria, for respondent.

Considered and decided by SCHUMACHER, P.J., and FOLEY and FORSBERG, JJ., without oral argument.

## OPINION

SCHUMACHER, Judge.

The trial court granted respondent's motion for attorney fees pursuant to Minn. Stat. § 549.21, subd. 2 (1986), after a jury found appellant intended to defraud his insurer. Appellant seeks reversal of the order and maintains that because the fraud occurred prior to the trial, and because he prevailed in part before the trial court, there was no evidence of bad faith. We affirm.

## FACTS

Respondent Foremost Insurance Company provided fire insurance coverage for appellant's trailer and its contents. The insurance contract excluded coverage if the insured provided false information to the insurer with the intent to receive benefits to which the insured was not entitled.

A fire destroyed the trailer and its contents on July 21, 1985. Gendreau brought an action against Foremost seeking $16,000 for the loss of his trailer and over $14,000 for the loss of personal contents of the trailer. Foremost acknowledged appellant was entitled to compensation for the loss of his trailer, but contended that because appellant made fraudulent representations as to the personal property which he lost in the fire, it had no obligation to pay compensation to appellant for those losses. Foremost further counterclaimed for attorney fees pursuant to Minn.Stat. § 549.21, subd. 2.

The jury found Gendreau suffered a personal property loss in the amount of $4,000, and that he had misrepresented facts with an intent to defraud Foremost as to the nature and extent of this loss. Applying the exclusionary language of the insurance contract, the trial court denied appellant recovery.

The court held a hearing on Foremost's motion for attorney fees, finding appellant

knew the claim was false when he made it, as substantiated by the jury verdict. The court determined that bringing such a claim was bad faith and a waste of valuable court resources, and ordered Gendreau to pay $1,820.75 in attorney fees. Gendreau appeals.

## ISSUE

Did the trial court abuse its discretion in finding that appellant acted in bad faith and awarding attorney fees to respondent?

## ANALYSIS

 Attorney fees are generally not recoverable by the prevailing party absent a specific contractual agreement or statute to the contrary. *Barr/Nelson, Inc. v. Tonto's, Inc.*, 336 N.W.2d 46, 53 (Minn.1983). Minn.Stat. § 549.21, subd. 2 (1986) provides for attorney fees when a party has:

> acted in bad faith; asserted a claim or defense that is frivolous and that is costly to the other party; asserted an unfounded position solely to delay the ordinary course of the proceedings or to harass; or committed a fraud upon the court.

The bad faith alleged must be bad faith with respect to the litigation before the court, not in the underlying action which is the basis for the suit. *Anderson v. Medtronic, Inc.*, 382 N.W.2d 512, 515 (Minn. 1986); *Minnesota–Iowa Television Co. v. Watonwan T.V. Improvement Association*, 294 N.W.2d 297, 311 (Minn.1980).

 Gendreau argues that any bad faith in his fraudulent claim was part of the underlying action and does not constitute bad faith in the litigation itself. The jury found that Gendreau had misrepresented facts with an intent to defraud his insurer. In granting Foremost's request for attorney fees, the trial court stated in its memorandum:

> The plaintiff knew that his claim was false when he made it * * *. To bring such a claim into court for litigation is not only bad faith * * * but a waste of valuable court resources.

The fees were properly awarded because Gendreau brought a frivolous claim to court, not because he made a fraudulent claim to the insurer.

 Gendreau also argues that no bad faith can exist where a party prevails in part of the judgment. *Dalco Corp. v. Dixon*, 338 N.W.2d 437, 441 (Minn.1983). He contends he prevailed in part here because the jury determined that he suffered a loss of $4,000. In determining the outcome of the case, the jury had to decide whether Gendreau suffered a loss of property, the reasonable value of that property, and whether he intentionally misrepresented the loss to defraud Foremost. Thus, it was necessary for the jury to assess the magnitude of Gendreau's loss before it could decide the ultimate issue of whether the claim was fraudulent. That he suffered a loss of only $4,000 established the insurer's argument that the claim was fraudulent and ultimately barred all recovery by Gendreau under the exclusionary clause of the policy, and does not establish "prevailing" on part of the judgment.

Finally, appellant asserts that a good faith dispute over the interpretation of a contract is not an appropriate case for the allowance of attorney fees. *Cherne Industrial, Inc. v. Grounds & Associates, Inc.*, 278 N.W.2d 81, 97 (Minn.1979). This case does not present such a factual situation.

The existence of bad faith is a question of fact best left to the sound discretion of the trial court. *Cherne*, 278 N.W.2d at 97. We find the trial court did not abuse its discretion, and the award of attorney fees was proper.

## DECISION

Affirmed.