June Marie WOLF, Respondent,

v.

STATE FARM INSURANCE
COMPANY, Appellant.

No. C7-89-962.

Court of Appeals of Minnesota.

Jan. 16, 1990.

Review Denied March 16, 1990.

Mark A. Karney, Leighton, Karney & Crabtree, Roseville, for respondent.

Steven J. Pfefferle, Murnane, Conlin, White, Brandt & Hoffman, St. Paul, for appellant.

Heard, considered and decided by GARDEBRING, P.J., and FORSBERG and RANDALL, JJ.

## OPINION

FORSBERG, Judge.

State Farm Insurance Company (State Farm) appeals from a $9,849.92 judgment entered against it and in favor of respondent June Marie Wolf. Wolf has filed a notice of review challenging the trial court's denial of her request for bad faith attorney fees. We affirm in part, reverse in part and remand for retrial.

## FACTS

Wolf was involved in motor vehicle accidents in February 1979 and again in January 1980. At the time of each accident, she maintained no-fault insurance with State Farm.

After the January 1980 accident, Wolf experienced headaches and problems with her neck and back. She began treatment with a chiropractor. She applied for and received medical expense benefits from State Farm for this care. Payment of benefits continued until April 1980, when Wolf was examined by orthopedist Richard Smookler at State Farm's request. Based upon Smookler's opinion that Wolf did not need further treatment, State Farm discontinued payment.

Wolf brought this action to compel State Farm to pay medical expense benefits pursuant to Minn.Stat. § 65B.44, subd. 2 (1988).

Prior to trial, the court ruled on objections made during depositions. In Smookler's deposition, Wolf's attorney objected to Smookler's opinion on the necessity for continuing chiropractic care as lacking adequate foundation. Smookler stated he had no chiropractic training and there were no chiropractors on his office staff. The court sustained the objection, and excluded portions of the deposition relating to Smookler's opinion Wolf did not need further chiropractic treatment.

Wolf was the only witness to testify at trial. She stated her injuries did not exist before the accidents, and she believed they were caused by the accidents. She testified the chiropractic treatments made her feel better. A handwritten summary of Wolf's medical expenses was admitted over State Farm's objection. After completion of her testimony, Wolf rested her case. She reserved for rebuttal the deposition testimony of two of her treating chiropractors.

When State Farm indicated they were not ready to call witnesses, Wolf moved for a directed verdict. State Farm responded with a motion for directed verdict, and indicated it would depose Smookler that evening to attempt to overcome the defect in foundation.

The next day State Farm moved to introduce Smookler's second deposition. After the court ruled it inadmissible, State Farm rested without presenting any evidence.

The court granted a directed verdict in favor of Wolf. State Farm's motions for directed verdict, judgment notwithstanding the verdict or a new trial were subsequently dismissed; Wolf's request for attorney fees and costs under Minn.Stat. § 549.21, subd. 2 was denied.

This appeal followed entry of judgment.

## ISSUES

1. Did the trial court abuse its discretion in excluding Smookler's opinion on the issue of necessity?

2. Did the trial court err in directing a verdict on the issue of causation?

3. Did the trial court abuse its discretion in admitting a handwritten summary of Wolf's expenses?

4. Did the trial court abuse its discretion in failing to award Wolf bad faith attorney fees?

## ANALYSIS

■ 1. The No–Fault Act provides "[m]edical expense benefits shall reimburse all reasonable expenses for necessary * * * chiropractic * * * services." Minn. Stat. § 65B.44, subd. 2 (1988). State Farm argues the trial court improperly excluded Smookler's opinion on the issue of necessity. Rulings on the admission of evidence will be reversed on appeal only if it is determined the trial court abused its discretion and that abuse of discretion resulted in prejudice to the objecting party. *Benson v. Johnson,* 392 N.W.2d 890, 894 (Minn.Ct. App.1986).

The testimony in Smookler's first deposition indicated he believed the chiropractic treatment Wolf was receiving in April 1980 was not necessary or beneficial to the recovery of the injuries she sustained. This initial opinion was based on his examination of Wolf, on the medical history she had given him, and on her subjective complaints. Smookler testified his opinion was unchanged after reviewing Wolf's medical records. Prior to giving these opinions, Smookler stated he was a specialist in orthopedics, which he described as being related to "the assessment, evaluation, care and treatment of problems relating to the musculo-skeletal system."

We agree with State Farm that adequate foundation was laid for Smookler to comment on the treatment Wolf was receiving. The fact State Farm's attorney failed to question Smookler regarding any direct or practical experience he might have had with chiropractors or their field is unimportant. He is an orthopedist, and by his own description of that specialty was qualified to render an opinion as to whether ongoing treatment for Wolf's musculoskeletal complaints was necessary. As such, we believe exclusion of the majority of Smookler's first deposition was an abuse of discretion which prejudiced State Farm. We need not discuss the admissibility of Smookler's second deposition, which was taken solely to establish further foundation for Smookler's opinion.

Admission of Smookler's opinion, however, does not mandate a directed verdict for State Farm. Had Smookler's deposition testimony been admitted, Wolf was ready with rebuttal deposition testimony from two of her treating chiropractors. Thus, a fact issue would exist on the issue of necessity which must be submitted to a jury.

■ 2. State Farm next argues competent medical evidence was not presented on the issue of causation. It asserts medical evidence was required because Wolf's injuries involve "obscure and abstruse medical factors such that the ordinary layman cannot reasonably possess well-founded knowledge of the matter and could only indulge in speculation[.]" *Stahlberg v. Moe,* 283 Minn. 78, 85, 166 N.W.2d 340, 343 (1969).

Under the No–Fault Act, "[b]asic economic loss benefits shall provide reimbursement for all loss suffered through injury arising out of the maintenance or use of a motor vehicle[.]" Minn.Stat. § 65B.44, subd. 1 (1988). However, the causal relationship or connection required between an injury and the use of a vehicle "need not be a proximate cause in the legal sense, it being sufficient that the injury is a natural and reasonable incident or consequence of the use of the vehicle." *Haagenson v. National Farmers Union Property & Casualty Co.*, 277 N.W.2d 648, 652 (Minn. 1979).

The only evidence presented on the issue of causation was Wolf's testimony that before the accidents she never suffered from the complaints or symptoms for which she sought chiropractic treatment. She stated she has had no intervening or subsequent traumas, and she believed her injuries were caused by the accidents. We need not determine whether this testimony alone is sufficient to support a directed verdict. The depositions of Wolf's two treating chiropractors were reserved for rebuttal pending admission of Smookler's testimony. Those depositions contain testimony raising a fact issue regarding causation. On remand, the issue of causation must also be submitted to a jury.

We do not agree with State Farm's position that the *initial* burden of proof was on Wolf to establish her entitlement to benefits by presenting evidence on the issues of causation and necessity. An insured has a *right* to basic economic loss benefit under the No–Fault Act. Minn. Stat. § 65B.46, subd. 1. Once an insurer receives reasonable proof of the fact and amount of loss realized, it has a *duty* to respond to an insured's claims in a timely manner. Minn.Stat. § 65B.54. Assuming State Farm received reasonable proof of Wolf's losses, the burden was on it to establish Wolf was not entitled to benefits. *See Ruppert v. Milwaukee Mutual Insurance Co.*, 392 N.W.2d 550, 556, 557 (Minn. Ct.App.1986), *pet. for rev. denied* (Minn. Oct. 22, 1986) (suggesting benefits may be terminated only if insured has been cured and thus requires no further treatment or if insured is receiving treatment for pre-existing condition). Generally, an insured may meet that burden with evidence obtained during an adverse medical examination. *See* Minn.Stat. § 65B.56, subd. 1. Assuming State Farm meets its burden on retrial with Smookler's deposition testimony, the burden may then shift to Wolf to establish her entitlement to benefits.

■ 3. State Farm finally argues the trial court improperly admitted a handwritten summary of Wolf's expenses which was prepared by Wolf and her attorney. We find no abuse of discretion in this regard. Wolf testified she had paid whatever bills State Farm would not pay. She stated this summary accurately reflected all of the amounts she had paid and still owed for treatment of her injuries.

While this summary may be used by Wolf to prove her expenses, State Farm did challenge its accuracy through cross-examination of Wolf. Thus, a fact issue exists as to the amount of damages which must be submitted to a jury.

■ 4. Wolf argues the trial court abused its discretion in failing to award her reasonable attorney fees under Minn.Stat. § 549.21, subd. 2 (1988). As of October 20, 1988, Wolf had incurred attorney fees of $9,751.25 and costs of $2,226.20.

As our disposition of this appeal suggests, State Farm's position during litigation cannot be characterized as frivolous or presented in bad faith. *See Gendreau v. Foremost Insurance Co.*, 423 N.W.2d 712, 714 (Minn.Ct.App.1988) (bad faith giving rise to statutory claim for attorney fees must be bad faith with respect to litigation before court, not in underlying action which is basis for suit). The court did not abuse its discretion in denying attorney fees under Minn.Stat. § 549.21, subd. 2.

## DECISION

Affirmed in part, reversed in part and remanded for retrial.