Luella LaVALLEY, Respondent,

v.

NATIONAL FAMILY INSURANCE CORPORATION, Appellant.

No. CX–93–2239.

Court of Appeals of Minnesota.

June 14, 1994.

Review Denied Aug. 24, 1994.

Karen J. Kingsley, St. Paul, for appellant.

Terrence M. Gherty, Teresa Stromen Baier, Husdon, WI, for respondent.

Considered and decided by HUSPENI, P.J., and KALITOWSKI and AMUNDSON, JJ.

## OPINION

HUSPENI, Judge.

Following a trial without a jury, the court awarded respondent Luella LaValley no-fault benefits, attorney fees, and future survivor's replacement services loss benefits and denied appellant's motion for a new trial or reopening of the trial court record and for a stay of entry of judgment. Because we find that the trial court erred in (1) placing upon appellant the burden of proof to establish that decedent's injuries did not arise out of an accident covered by the policy; (2) awarding attorney fees to respondent; and (3) establishing an amount certain as future survivor's replacement services loss benefits, we reverse and remand.

## FACTS

While driving his car on the morning of October 31, 1991, Wilfred LaValley (LaValley) hit a parked pickup truck, continued driving for three blocks, made two turns, hit another automobile, and then drove into a building. When emergency help arrived, LaValley was unconscious and in cardiac arrest. The emergency personnel resuscitated him, but he never regained consciousness and died in the hospital five days later.

The doctor who treated LaValley in the hospital testified at trial that he could not say whether LaValley's heart attack caused the collisions or whether the accidents caused the heart attack. An entry in the hospital records indicates that LaValley's condition resulted from "motor vehicle accident secondary to [cardiac] arrest."

Respondent claimed benefits under a no-fault insurance policy providing for payment of personal injury benefits incurred for injuries "caused by an accident arising out of the maintenance or use of a motor vehicle as a vehicle." Appellant denied benefits, claiming that respondent failed to prove that the accident and LaValley's death resulted from the operation, use or maintenance of a motor vehicle and arguing that the medical records indicated that the accidents were the result of a heart attack.

## ISSUES

1. Did the trial court err in placing the burden of proof on appellant to show that respondent is not entitled to no-fault benefits?

2. Did the trial court err in awarding respondent attorney fees where appellant did not act in bad faith?

3. Did the trial court exceed its jurisdiction when it awarded respondent future survivor's replacement services losses?

## ANALYSIS

### I.

■ Appellant argues that the trial court's determination that appellant bore the burden of proof on the issue of entitlement to no-fault benefits is contrary to Minnesota law. On appeal, this court need not defer to the trial court's conclusion when reviewing a question of law. *County of Lake v. Courtney,* 451 N.W.2d 338, 341 (Minn.App.1990), *pet. for rev. denied* (Minn. Apr. 13, 1990).

Appellant argues that the issue presented in this case is controlled by *McIntosh v. State Farm Mut. Auto. Ins. Co.,* 488 N.W.2d 476 (Minn.1992), and requires reversal. Respondent argues that *Wolf v. State Farm Ins. Co.,* 450 N.W.2d 359 (Minn.App.1990), *pet. for rev. denied* (Minn. Mar. 16, 1990), controls and requires affirmance.

■ We agree with appellant. *McIntosh* addresses the very question we face here: whether under the facts of the case an accident occurred that entitles an insured to benefits under a no-fault policy.[1] In *McIntosh,* a woman was shot by her former boyfriend when she was driving her car and her former boyfriend drove alongside her. *McIntosh,* 488 N.W.2d at 477. The *McIntosh* court, while recognizing that the boyfriend's conduct was unquestionably intentional, nonetheless questioned whether

an intentional assault [may] qualify as an "accident" for purposes of either no-fault or uninsured motorist coverage, or both.

*Id.* at 476.

The court's answer to this question was two fold: For the purposes of uninsured motorist coverage the issue of whether or not there was an accident was to be viewed from the perspective of the assailant; for the purposes of no-fault coverage the issue was to be viewed from the perspective of the victim.[2] *Id.* at 480.

The court in *McIntosh* went on to observe that

To be eligible for no-fault benefits McIntosh must also, of course, meet the use requirement established in *Klug* by proving that her injury resulted from an accident arising out of the use of a motor vehicle.

*Id.*

While we agree with respondent that this language is dicta, the *McIntosh* court's discussion of whether the facts in that case met the definition of "accident" is not. By including this dicta, the court recognized that the victim was required to satisfy a second prong of the *Klug* test for coverage (arising out of the operation, use or maintenance of a motor vehicle).

■ Unstated in the dicta but evident in the decision, however, is that the victim must also meet the "accident" requirement of *Klug.* In this case, as in *McIntosh,* the party claiming no-fault benefits bears the burden of proving by a preponderance of the evidence that there was an accident and that the accident arose out of the operation, use or maintenance of a motor vehicle.

In contrast to *McIntosh,* the issue in *Wolf* was not whether an accident arising out of the operation, use or maintenance of a motor vehicle had, in fact, occurred. All parties assumed that those two prongs had been met. The issue in *Wolf* was, instead, whether the injured party was entitled to medical expense benefits for injuries she claimed arose out of an automobile accident. *Wolf,*

---

1. Two prongs must be satisfied to invoke coverage: (1) there must be an accident and (2) that accident must arise out of the operation, use, or maintenance of a motor vehicle. *Continental Western Ins. Co. v. Klug,* 415 N.W.2d 876, 877 (Minn.1987). The second prong is not contested in this case.

2. The court found uninsured motorist coverage to be "not true first party coverage," *McIntosh v. State Farm Mut. Auto. Ins. Co.,* 488 N.W.2d 476, 479 (Minn.1992). It found no-fault coverage to be true first party coverage, "dependent exclusively on the injured victim and whether she has been hurt under circumstances arising from the use of a motor vehicle." *Id.* at 480.

450 N.W.2d at 361. The *Wolf* court did not question the fact of the accident; it questioned only whether the accident had caused the injuries about which she complained. *Id.* at 361–62. The trial court in *Wolf* had granted a directed verdict for the insured. This court reversed and remanded, indicating the presence of a fact issue on causation for the jury to decide. It is in this context that the *Wolf* court indicated its disagreement with the insurer's position that the insured had the initial burden of proof to establish entitlement to benefits by presenting evidence on the issues of causation and necessity. *Wolf,* 450 N.W.2d at 362. Under *Wolf,* the insured is not relieved of all responsibility to present proof of loss. Instead, the *Wolf* court indicated that:

> Once an insurer receives reasonable proof of the fact and amount of loss realized, it has a *duty* to respond to an insured's claims in a timely manner.

*Id.* (emphasis in original) (citing Minn.Stat. § 65B.54). "Reasonable proof" means more than mere notice of a motor vehicle accident.

In view of our decision that *McIntosh,* not *Wolf,* controls, we hold that respondent bears the burden of proving the occurrence of an accident arising out of the operation, use or maintenance of a motor vehicle, and we reverse the trial court's determination and remand for further proceedings not inconsistent with this decision.

## II.

This court will not reverse an award of attorney fees unless the trial court abused its discretion. *Wolf,* 450 N.W.2d at 362. Generally, attorney fees are allowed only when authorized by statute or provided for in the contract. *Lanoue v. Fireman's Fund Am. Ins. Co.,* 278 N.W.2d 49, 54 (Minn. 1979). The parties do not claim that there is a contractual agreement to pay respondent's attorney fees, and the only statutory provision that permits attorney fees in this situation is Minn.Stat. § 549.21, subd. 2 (1992), which permits recovery of attorney fees only where a party acts in bad faith with respect to the litigation. *Gendreau v. Foremost Ins. Co.,* 423 N.W.2d 712, 714 (Minn.App.1988).

The trial court found no bad faith conduct on appellant's part during the litigation, and we also find none. Thus, Minn. Stat. § 549.21, subd. 2, does not apply. Respondent relies on cases concerning the duty to defend in support of the trial court's award of attorney fees to her, but refusal to defend is not the issue here. Respondent seeks only first party benefits; attorney fees are not recoverable in a declaratory judgment action in which the insured seeks recovery of first party benefits. *Garrick v. Northland Ins. Co.,* 469 N.W.2d 709, 714 (Minn. 1991). Appellant, in denying no-fault benefits to respondent, argued that LaValley's accident was not covered under his no-fault policy. Appellant seeks review in this court of the trial court's award of those benefits. Because there is no bad faith on appellant's part, there is no support for awarding respondent attorney fees. We therefore reverse the trial court's award of attorney fees.

## III.

We also conclude that the trial court erred when it awarded respondent future survivor's replacement services losses up to $15,655.01. We note that the trial court did not actually award funds, but set this amount as the maximum respondent may receive if and when she incurs expenses for services that LaValley would have provided had he survived. *See* Minn.Stat. § 65B.44, subd. 7 (1990). Nonetheless, generally an insured must incur expenses before claiming survivor's replacement services losses. *See Nadeau v. Austin Mut. Ins. Co.,* 350 N.W.2d 368, 372–73 (Minn.1984) (denying benefits where spouse performing the replacement services for injured wife received no payment for performing the services; benefits are limited to "genuine economic loss"); *Motschenbacher v. New Hampshire Ins. Group,* 402 N.W.2d 119, 122–23 (Minn. App.1987) (awarding surviving spouse benefits representing the wages paid to an employee hired to perform work her husband would have performed in the family business), *pet. for rev. denied* (Minn. Apr. 29, 1987). Because respondent as yet has not suffered any expenses for services LaValley would have provided, the award of survivor's

replacement services loss benefits to her was premature and is reversed.

## DECISION

The trial court erred in placing on appellant the burden to prove respondent was not entitled to no-fault benefits. Because there is no contractual agreement for appellant to pay respondent's attorney fees and appellant did not act in bad faith so as to permit an award of attorney fees under Minn.Stat. § 549.21, subd. 2, the trial court erred in awarding attorney fees to respondent. The trial court also erred in prematurely awarding respondent future survivor's replacement services losses.

**Reversed and remanded.**