Donald Morris **FERNOW**, Respondent,

**Country Mutual Insurance Company,** intervenor, Respondent,

v.

Michael Donald **GOULD**, et al., Appellants.

No. A11–1904.

Court of Appeals of Minnesota.

June 11, 2012.

Leon R. Bissonette, Kathleen M. Loucks, Hellmuth & Johnson PLLC, Eden Prairie, MN, for respondent Fernow.

Michelle D. Hurley, Yost & Baill LLP, Minneapolis, MN, for respondent Country Mutual.

Rylee J. Retzer, John E. Hennen, League of Minnesota Cities, St. Paul, MN, for appellants.

Susan M. Tindal, Iverson Reuvers LLC, Bloomington, MN, amicus for Association of Minnesota Counties and Association of Townships.

Considered and decided by PETERSON, Presiding Judge; CHUTICH, Judge; and HUSPENI, Judge.*

## OPINION

PETERSON, Judge.

In a personal-injury action arising out of a collision between a city snowplow and respondent-plaintiff's vehicle, respondent insurer intervened and also submitted to inter-company arbitration its claim for indemnification for basic economic loss benefits that it paid to respondent-plaintiff. An arbitrator ruled that governmental statutory immunity did not apply and that respondent insurer should be indemnified. Appellants moved to vacate the award. The district court denied the motion to vacate and confirmed the arbitrator's award. We reverse and remand.

## FACTS

Appellant Michael Donald Gould was operating a snowplow for his employer, appellant City of Alexandria, when the snowplow crossed the center line and collided with an oncoming vehicle. The driver of the oncoming vehicle, respondent Donald Morris Fernow, was injured in the crash and brought an action against appellants in district court, seeking to recover damages for his injuries. Fernow's insurer, respondent Country Mutual Insurance Company, intervened in the district court action.

Country Mutual also submitted an arbitration claim seeking indemnification from appellants for basic economic loss benefits that it paid to Fernow under the Minnesota No-Fault Automobile Insurance Act, Minn.Stat. §§ 65B.41 to 65B.71 (2010) (no-fault act). At the city's request, the arbitrator deferred the arbitration while the district court action was pending.

In the district court action, appellants moved for summary judgment on immunity grounds, claiming three bases for immu-

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to
Minn. Const. art. VI, § 10.

nity. The district court denied appellants' motion, and appellants appealed to this court. This court affirmed the district court's determinations that Fernow's claims are not barred by statutory discretionary immunity or by common-law official immunity. *Fernow v. Gould*, No. A10–223, 2010 WL 3463694, at *2–3 (Minn.App. Sept. 7, 2010). This court also affirmed the district court's determination that genuine issues of material fact precluded summary judgment on appellants' claim that snow-and-ice immunity applied. *Id.* at *4.

Country Mutual again requested arbitration of its indemnification claim and submitted an amended arbitration application objecting to the deferment. The city contested the arbitrator's jurisdiction to determine Country Mutual's claims[1] before the district court made a final determination about the application of snow-and-ice immunity, which the city characterized as a "purely legal issue." The arbitrator declined to continue the deferment, found that "the defense of governmental statutory immunity does not apply to this matter," and ordered the city to indemnify Country Mutual for basic economic loss benefits paid to Fernow.

Appellants brought a motion to vacate the arbitration award in the district court, arguing that the arbitrator exceeded her authority by determining that snow-and-ice immunity did not apply. The district court denied the motion and confirmed the arbitration award. This appeal followed. This court granted leave to file an amicus brief to the Association of Minnesota Counties and the Minnesota Association of Townships.

---

1. The City of Alexandria is a self-insured member of an insurance pool administered by the League of Minnesota Cities Insurance Trust. The trust contested arbitration on the city's behalf.

## ISSUE

Did the arbitrator exceed her authority in determining that the defense of governmental statutory immunity does not apply to this matter?

## ANALYSIS

 We exercise de novo review to determine whether an arbitrator exceeded her powers. *Klinefelter v. Crum and Forster Ins. Co.*, 675 N.W.2d 330, 333 (Minn. App.2004). The party challenging the award has the burden of establishing that the arbitrator exceeded her powers. *Id.* If the arbitrator exceeded her authority, the arbitration award must be vacated. Minn. Stat. § 572.19, subd. 1(3) (2010).

 Under the no-fault act, an insurer that pays basic economic loss benefits is entitled to indemnity from the insurer of a commercial vehicle "if negligence in the operation, maintenance or use of the commercial vehicle was the direct and proximate cause of the injury for which the basic economic loss benefits were paid."[2] Minn.Stat. § 65B.53, subd. 1. This right of indemnity is "enforceable only through mandatory good faith and binding arbitration procedures established by rule of the commissioner of commerce." *Id.*, subd. 4.

 Generally, an arbitrator is the final judge of both law and fact. *Johnson v. Am. Family Mut. Ins. Co.*, 426 N.W.2d 419, 421 (Minn.1988). But the supreme court has explained that "consistency mandates that the courts interpret the no-fault statutes, not various panels of arbitrators." *Id.* Therefore, in *Johnson*, the supreme court held "that in the area of automobile reparation, arbitrators are limited to de-

---

2. The parties do not dispute that the city snowplow involved in the crash is a commercial vehicle under the statute.

ciding issues of fact, leaving the interpretation of the law to the courts." *Id.*

Appellants argue that "[t]his case involves the issue of an arbitrator's authority to decide the purely legal question of whether snow and ice immunity precludes Respondent's indemnification claims under the No–Fault Act." The legislature has provided that "every municipality shall be immune from liability" for "[a]ny claim based on snow or ice conditions on any highway ... except when the condition is affirmatively caused by the negligent acts of the municipality." Minn.Stat. § 466.03, subds. 1, 4 (2010). The application of immunity is a question of law. *Schroeder v. St. Louis Cnty.*, 708 N.W.2d 497, 503 (Minn.2006).

Appellants argue that because the application of immunity is a question of law, the arbitrator exceeded her authority in determining that the defense of governmental statutory immunity does not apply to this matter. The district court determined that the restriction on an arbitrator's authority to interpret the law established in *Johnson* is limited to legal issues involving interpretation of the no-fault act.[3] Because the arbitrator determined a legal issue that involved the immunity statute, rather than the no-fault act, the court concluded that the arbitrator, rather than the district court, was the final judge of the law.

We disagree that the arbitrator determined a legal issue that involved only the immunity statute and not the no-fault act. Appellants' claim is that because they have snow-and-ice immunity under Minn. Stat. § 466.03, subd. 4, respondent has no right to indemnity under the no-fault act. This claim involves the no-fault act because, if snow-and-ice immunity applies, Country Mutual's statutory right to indemnification under Minn.Stat. § 65B.53, subd. 1, directly conflicts with appellants' statutory right to immunity under Minn. Stat. § 466.03, subd. 4. Resolving this conflict will necessarily include an interpretation of Minn.Stat. § 65B.53, subd. 1. *See Programmed Land, Inc. v. O'Connor*, 633 N.W.2d 517, 527 (Minn.2001) (court will not construe one statute to abrogate another involving the same subject matter without clear legislative intent); Minn. Stat. § 645.26 (2010) (stating principles for construing irreconcilable statutory provisions). And if different arbitrators resolve this conflict differently, the no-fault act will not be consistently applied.

Furthermore, although the supreme court explained in *Johnson* that its reason for restricting arbitrators' authority to interpret the law is to achieve consistency in the interpretation of the no-fault statutes, the language of the court's holding does not suggest that the restriction on arbitrators' authority applies only to interpretation of the no-fault act. As this case illustrates, the issues that arise in a no-fault arbitration may involve the interpretation of a statute other than the no-fault act, and the interpretation of the other statute can affect the outcome of the arbitration. Consequently, consistency mandates that the courts interpret statutes that affect the application of the no-fault act. We, therefore, conclude that the arbitrator exceeded her authority when she determined that "the defense of governmental statutory immunity does not apply to this matter."

## DECISION

Because the application of immunity is a question of law and, because, in the area of

---

**3.** The district court cited an unpublished opinion of this court, *General Accident Ins. Co. v. MSI Ins. Co.*, No. C4–93–2267 (Minn. App. March 22, 1994) *review denied* (Minn. May 17, 1994). Unpublished opinions of this court are not precedential. Minn.Stat. § 480A.08, subd. 3 (2010).

automobile reparation, arbitrators are limited to deciding issues of fact, the arbitrator exceeded her authority when she determined that the defense of governmental statutory immunity does not apply to this matter. Because the arbitrator exceeded her authority, we reverse the denial of appellants' motion to vacate the arbitration award and remand with instructions to vacate the arbitrator's award.

**Reversed and remanded.**