Donald Morris FERNOW, Appellant,

Country Mutual Insurance Company, Appellant,

v.

Michael Donald GOULD, et al., Respondents.

No. A11–1904.

Supreme Court of Minnesota.

Aug. 14, 2013.

Michelle D. Hurley, Steven L. Theesfeld, Yost & Baill, LLP, Minneapolis, Minnesota, for appellant.

Rylee J. Retzer, League of Minnesota Cities, Saint Paul, MN, and Jessica E. Schwie, Jardine, Logan, & O'Brien, PLLP, Lake Elmo, MN, for respondents.

Paul D. Reuvers, Susan M. Tindal, Iverson Reuvers, Bloomington, MN, for amici curiae Association of Minnesota Counties and Minnesota Association of Townships.

## OPINION

ANDERSON, Justice.

On April 26, 2008, respondent Michael Gould, a snowplow driver for the City of Alexandria, crossed the center line in his snow plow and collided with the vehicle of Donald Fernow, causing Fernow's vehicle to roll over. Witnesses indicated that it was a sunny day, and although there was slush present on the road, driving condi-

tions were good. Gould agreed that road conditions were fair, and that the driving lanes were clear.

Fernow brought a personal injury action against both the City and Gould. At around the same time, Fernow's insurance company, appellant Country Mutual Insurance Company, sought arbitration against the City under Minn.Stat. § 65B.53, subd. 4 (2012),[1] seeking repayment of $23,326 in basic economic loss benefits paid to Fernow. In the personal injury action in district court, the City moved for summary judgment, arguing that Fernow's claim was barred by statutory discretionary immunity, common law official immunity, and statutory "snow and ice immunity" under Minn.Stat. § 466.03, subd. 4(a) (2012).[2] The district court denied the City's summary judgment motion, concluding that the involvement (or lack thereof) of snow and ice in the collision was a question of material fact making summary judgment inappropriate. Country Mutual intervened in the action in January 2010, and the court of appeals affirmed the district court's denial of summary judgment. *Fernow v. Gould*, No. A10–223, 2010 WL 3463694 (Minn.App. Sept. 7, 2010).

At Country Mutual's urging, the arbitrator, who had granted the City a delay in proceedings pending the district court's determination of the immunity claims, then awarded the insurance company $23,326 in basic economic loss benefits. The City argued that the arbitrator lacked authority to decide the issue of statutory immunity;

the arbitrator addressed this claim in a brief paragraph:

> The [City] asserts that [the arbitrator] does not have authority nor jurisdiction to hear this matter. Further stating their defense that there [sic] snowplow driver is exempt from any and all liability asserting statutory immunity. The [City] filed a motion for summary judgment in District Court to request this matter be dismissed by governmental statutory immunity. The District Court denied the motion. The Court of Appeals affirmed the District Court decision. Therefore, the defense of governmental statutory immunity does not apply to this matter.

The City filed a motion in the district court to vacate the arbitration award, arguing that the legal issue of immunity was not within the arbitrator's authority. The district court denied the motion and confirmed the award. The City appealed, and the court of appeals reversed. *Fernow v. Gould*, 816 N.W.2d 647, 651 (Minn.App. 2012). The court of appeals held that "[b]ecause the application of immunity is a question of law and, because, in the area of automobile reparation, arbitrators are limited to deciding issues of fact, the arbitrator exceeded her authority when she determined that the defense of governmental statutory immunity does not apply to this matter." *Id.* at 650–51.

Country Mutual petitioned for review, arguing that the arbitrator acted within her authority when she decided that statu-

---

1. *Minnesota Statutes* § 65B.53, subd. 4, states: "The right of indemnity provided in subdivision 1 shall be enforceable only through mandatory good faith and binding arbitration procedures established by rule of the commissioner of commerce. These procedures shall utilize determinations of comparative negligence. No evidence nor the decision in such an arbitration proceeding shall be admissible in any action by any party."

2. *Minnesota Statutes* § 466.03, subd. 4(a) provides that municipalities are immune from liability for "[a]ny claim based on snow or ice conditions on any highway or public sidewalk that does not abut a publicly owned building or publicly owned parking lot, except when the condition is affirmatively caused by the negligent acts of the municipality."

tory snow-and-ice immunity did not apply. We granted review, and now hold that claims of immunity, including necessary questions of fact, should be determined by the district court prior to arbitration on the merits under the Minnesota No–Fault Automobile Insurance Act, Minn.Stat. §§ 65B.41–71 (2012) ("No–Fault Act"). We therefore affirm the decision of the court of appeals, although on different grounds, and remand to the district court with instructions to vacate the arbitrator's award.

## I.

■ "Generally, arbitration law states that arbitrators are the final judges of both law and fact." *Johnson v. Am. Family Mut. Ins. Co.*, 426 N.W.2d 419, 421 (Minn.1988). "Absent a clear showing that the arbitrators were unfaithful to their obligations, the courts assume that the arbitrators did not exceed their authority." *Hilltop Constr., Inc. v. Lou Park Apartments*, 324 N.W.2d 236, 239 (Minn.1982). "Indeed, a court will not even set aside an arbitration award because it thinks the arbitrators erred as to the law or facts, as long as the reasoning and judgment are consistent." *Johnson*, 426 N.W.2d at 421.

■ But "no-fault arbitrators are limited to deciding questions of fact, leaving the interpretation of law to the courts." *Weaver v. State Farm Ins. Cos.*, 609 N.W.2d 878, 882 (Minn.2000). "Arbitration regarding automobile reparations therefore departs from the generally accepted principle that 'arbitrators are the final judges of both law and fact.'" *Id.* (quoting *Johnson*, 426 N.W.2d at 421). "The limitation on the final authority of arbitrators is based on the perceived need for consistency in interpretation of the No–Fault Act." *Id.* We have recognized, however, that "[t]o grant relief, arbitrators must apply the law to the facts they have

found." *Id.* Therefore, to achieve consistent interpretation of the No–Fault Act, we review the arbitrator's legal determinations de novo. *Id.* An arbitrator's factual findings are final. *Id.* at 884–85.

■ Although we have recognized that arbitrators must make certain legal determinations in order to grant relief, we have said that coverage disputes present "a question of law for the courts, not the arbitrators, and should be determined by the district court prior to any arbitration on the merits of the claim." *W. Nat'l Ins. Co. v. Thompson*, 797 N.W.2d 201, 206 (Minn.2011). "Where the coverage dispute arises on a motion to compel arbitration or to enjoin arbitration, the court ought to decide the issue in the first instance." *Costello v. Aetna Cas. & Sur. Co.*, 472 N.W.2d 324, 326 (Minn.1991). "The distinction between coverage disputes for the court and other types of disputes for the arbitrators is that questions that go 'not to the merits of a claim but to whether a claim exists' should be decided by the district court." *Thompson*, 797 N.W.2d at 206 (quoting *Myers v. State Farm Mut. Auto. Ins. Co.*, 336 N.W.2d 288, 290–91 (Minn.1983)).

The same considerations apply to immunity determinations. We have said that the denial of an immunity claim is "a final determination of a right separable from and collateral to rights asserted in the main action" and thus "is immediately appealable notwithstanding the absence of a final judgment on the merits" because "it is [a] denial of a right not to stand trial at all—a right that is lost if the case is permitted to proceed." *Kastner v. Star Trails Ass'n*, 646 N.W.2d 235, 239 (Minn. 2002) (discussing *Mitchell v. Forsyth*, 472 U.S. 511, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985)). It is therefore likely that the courts will decide any disputed resolution of an immunity claim before any further

proceeding, whether as an appeal from a successful assertion of immunity or as an interlocutory appeal from its denial. To have arbitrators make such determinations—but then subject their decisions to immediate de novo review by the courts—is both needlessly burdensome and contrary to the goals of the No–Fault Act, one of which is to speed the administration of justice. *See Weaver,* 609 N.W.2d at 884. We therefore conclude that questions of immunity, like questions of coverage, "should be determined by the district court prior to any arbitration on the merits of the claim." *Thompson,* 797 N.W.2d at 206.

Because our decision in this case is limited to the question of an arbitrator's authority to decide claims of immunity, we need not decide the scope of an arbitrator's authority to decide other questions of law that may arise in arbitrations under the No–Fault Act. We note, however, that contrary to the court of appeals' holding— arbitrators may not interpret statutes that "can affect the outcome of the arbitration," *Fernow,* 816 N.W.2d at 650—our decision in *Weaver* clearly envisions a role for arbitrators in deciding questions of law necessary to resolve disputes and award relief. *Weaver,* 609 N.W.2d at 884 ("Rather, the arbitrator can determine the facts and apply the law to those facts subject to de novo review by the district court.").

## II.

We turn next to the issue of whether the district court or arbitration is the proper forum to determine issues of fact necessary to an immunity determination. Immunity claims are not merely matters of legal theory; those claims are grounded in real-life circumstances and the actions of individuals. For example, a claim of snow-and-ice immunity under Minn.Stat. § 466.03, subd. 4(a), as we face here, would require a finding regarding the presence, or lack thereof, of snow or ice at the scene of the collision.

Here again our decisions involving coverage disputes are a useful guide. In *United States Fidelity & Guaranty Co. v. Fruchtman,* 263 N.W.2d 66, 71 (Minn. 1978), we stated that "[w]here coverage is preconditioned on the establishment of facts ... such factual disputes must be tried and resolved by the trial court accompanied by findings of fact." In *Fruchtman,* insurance coverage, and thus arbitrability, required a finding that the vehicle of a hit-and-run driver actually made contact with that of the insured. *Id.* at 72. We specified that although the arbitrator would be the final authority as to the factual question of whether contact was made for purposes of determining the unidentifiable driver's fault, the same fact would first need to be established by the district court to determine whether the arbitrator had the authority to decide the merits of the underlying claim. *Id.* at 72 & n. 7.

We have also observed that the "severance of legal and factual issues between court and arbitrator would interfere with the goal of speeding the administration of justice" and that "it makes little sense to require [litigants] to shuttle back and forth between the arbitrator making factual determinations and the court deciding legal questions." *Weaver,* 609 N.W.2d at 884. These observations apply with as much force to preliminary immunity determinations as they do to the initial resolution of coverage disputes. We therefore extend our reasoning in *Fruchtman* to pre-arbitration immunity issues, and hold that questions of fact necessary to decide immunity claims are to be decided by the district court rather than the arbitrator.

We hold that claims of immunity, including necessary questions of fact, should be determined by the district court prior to

arbitration on the merits under the No–Fault Act. We therefore affirm the decision of the court of appeals, though on different grounds, and remand to the district court with instructions to vacate the arbitrator's award.

Affirmed.

LILLEHAUG, J., not having been a member of this court at the time of submission, took no part in the consideration or decision of this case.

STRAS, Justice (dissenting).

The court's opinion today manufactures a new exception to the Legislature's policy decision to have disputes over indemnity in automobile accidents involving a commercial vehicle decided in binding arbitration. Specifically, the court concludes that the no-fault arbitrator exceeded her authority because questions of immunity "should be determined by a district court prior to any arbitration on the merits of the claim." (Citation omitted) (internal quotation marks omitted). Conspicuously missing from the court's analysis, however, is a discussion of the text of the Minnesota No–Fault Automobile Insurance Act ("the No–Fault Act"), Minn.Stat. §§ 65B.41–.71 (2012)—the statute that governs the dispute in this case. The court's omission is not an accident; the court's rule of law does not find support in the text of the statute. For that reason, I respectfully dissent.

Under the No–Fault Act, an insurer that pays economic loss benefits is entitled to indemnity from the insurer of a commercial vehicle "if negligence in the operation, maintenance or use of the commercial vehicle was the direct and proximate cause of the injury for which the basic economic loss benefits were paid." Minn.Stat. § 65B.53, subd. 1. The insurer's statutory right to indemnity is enforceable "only through mandatory good faith and binding arbitration." *Id.*, subd. 4. The lone exception to the final authority of a no-fault arbitrator to decide questions of law and fact is that courts, not arbitrators, decide legal issues regarding the proper interpretation of the No–Fault Act. *Cf. Weaver v. State Farm Ins. Cos.*, 609 N.W.2d 878, 882 (Minn.2000) (explaining that "[t]he limitation on the final authority of arbitrators is based on the perceived need for consistency in interpretation of the No–Fault Act"). That exception is plainly inapplicable in this case because questions of snow-and-ice immunity have nothing to do with the interpretation of the No–Fault Act. *See* Minn.Stat. § 466.03, subd. 4(a) (2012) (providing municipalities with immunity for "[a]ny claim based on snow or ice conditions on any highway" in a separate chapter of the Minnesota Statutes than the No–Fault Act).

The court relies on irrelevant considerations of collateral appealability and judicial economy to carve out a novel exception to mandatory arbitration for immunity determinations. The No–Fault Act, however, does not say anything about immunity, much less create an explicit exception to arbitration for snow-and-ice immunity determinations. That should be the end of the discussion in light of the clear statutory requirement in the No–Fault Act for mandatory arbitration of these types of indemnity claims.

Perhaps the court's rule in this case is a product of the obvious error of law made by the arbitrator. Clear error by the arbitrator, however, is no reason for us to adopt an erroneous rule of law. Like the court, I have no doubt that the arbitrator erred when she concluded that the denial of the City of Alexandria's motion for summary judgment on snow-and-ice immunity was tantamount to a ruling that the City was not entitled to snow-and-ice immunity.

Yet legal errors are a risk of arbitration, which provides a "speedy, informal, and relatively inexpensive" mechanism to resolve disputes. *Layne–Minn. Co. v. Regents of the Univ. of Minn.*, 266 Minn. 284, 287, 123 N.W.2d 371, 374 (1963). The Legislature was surely aware that legal errors might be more common in arbitration. Nevertheless, the Legislature weighed the costs and benefits of alternative dispute resolution and elected to create a regime of mandatory arbitration to govern these types of indemnity claims. *See* Minn.Stat. § 65B.42(4) (stating that one of the purposes of the No–Fault Act is "to create a system of mandatory intercompany arbitration to assure a prompt and proper allocation of the costs of insurance benefits between motor vehicle insurers"); *cf. Stolt–Nielsen S.A. v. Animal-Feeds Int'l Corp.*, 559 U.S. 662, 685, 130 S.Ct. 1758, 1775, 176 L.Ed.2d 605 (2010) (explaining that arbitration sacrifices the "procedural rigor and appellate review of the courts" for the benefits of "lower costs, greater efficiency and speed"). I would respect the Legislature's decision and hold that no-fault arbitrators have the authority to make final and binding determinations on questions of immunity.