*This opinion is nonprecedential except as provided by Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A25-0829**

AAA Insurance Company,
Appellant,

vs.

Nicole Christophersen,
Respondent.

**Filed January 12, 2026
Affirmed
Frisch, Chief Judge**

Rice County District Court
File No. 66-CV-25-78

Robert C. Barnes, McCarthy & Barnes, PLC, Duluth, Minnesota (for appellant)

James P. Cody, The Cody Law Group, Chartered, Vadnais Heights, Minnesota (for respondent)

Taylor Brandt Cunningham, Bolt Law Firm, Anoka, Minnesota (for amicus curiae Minnesota Association for Justice)

        Considered and decided by Bentley, Presiding Judge; Frisch, Chief Judge; and Worke, Judge.

**FRISCH**, Chief Judge

Appellant argues that the district court erred by denying its motion to vacate a no-fault arbitration award. Because the arbitrator did not exceed their powers by awarding benefits to respondent, we affirm.

## FACTS

Respondent Nicole Christophersen was injured in a car accident in September 2021, aggravating past neck and back pain. She sought medical treatment following the accident. Appellant AAA Insurance Company paid for Christophersen's medical expenses through late July 2022. AAA's independent medical examiner determined that the accident may have caused mild aggravation of Christophersen's preexisting neck and back pain, but any medical treatment beyond a short course of physical therapy following the accident was unnecessary. AAA thereafter refused to pay for further medical expenses.

Christophersen continued receiving chiropractic care, massage therapy, and physical therapy through March 2024, when she filed a no-fault arbitration petition pursuant to the Minnesota No-Fault Automobile Insurance Act (the no-fault act), Minn. Stat. §§ 65B.41-.71 (2024), claiming $7,468.25 in benefits owed. During arbitration, AAA argued that Christophersen's history of similar medical treatment related to neck and back pain before the accident precluded an award because that history casts doubt on whether the September 2021 accident caused her ongoing treatment needs. AAA presented the report from its independent medical examiner to support its position. Christophersen disagreed. In support of her argument that the September 2021 accident caused her

2

ongoing treatment needs, Christophersen testified on her own behalf and presented notes and medical records from several professionals who treated her both before and after the September 2021 accident. The arbitrator awarded benefits to Christophersen.

AAA then moved the district court to vacate the no-fault arbitration award, arguing that Christophersen was required to present an expert opinion to establish that the accident caused her ongoing treatment needs. The district court denied the motion. The district court determined that the arbitrator did not exceed their powers because the Minnesota Rules of No-Fault Arbitration do not require a claimant to present expert opinion on causation.

On appeal, AAA challenges the district court's denial of the motion to vacate.

**DECISION**

The no-fault act provides for mandatory arbitration of claims for basic economic loss benefits (no-fault benefits), including medical expenses suffered through injury arising out of the maintenance or use of a motor vehicle, of $10,000 or less. Minn. Stat. §§ 65B.44, subd. 1, .525, subd. 1. "The No-Fault Act is designed to simplify and ease the burden of litigation, and imposes certain obligations on both the insured-claimant and the insurer in order to meet that goal." *W. Nat'l Ins. Co. v. Thompson*, 797 N.W.2d 201, 205 (Minn. 2011).

The party challenging a no-fault arbitrator's award may move the district court to vacate an award on the ground that the arbitrator has exceeded their powers. Minn. Stat. § 572B.23(a)(4) (2024); *W. Nat'l Ins. Co. v. Nguyen*, 902 N.W.2d 645, 648 (Minn. App. 2017, *aff'd mem.*, 909 N.W.2d 341 (Minn. 2018). No-fault arbitration "departs from the

3

generally accepted principle that arbitrators are the final judges of both law and fact." *Weaver v. State Farm Ins. Co.*, 609 N.W.2d 878, 882 (Minn. 2000) (quotation omitted). We therefore review a no-fault arbitrator's legal conclusions de novo. *Fernow v. Gould*, 835 N.W.2d 8, 11 (Minn. 2013). But the arbitrator's factual findings are final and not subject to our review. *Id.* When faced with the question of whether an arbitrator exceeded their powers, we consider only "whether the question decided by the arbitrator was within [their] authority to decide; we may not examine the underlying evidence and record, or otherwise delve into the merits of the award." *Liberty Mut. Ins. Co. v. Sankey*, 605 N.W.2d 411, 414 (Minn. App. 2000), *rev. denied* (Minn. Apr. 18, 2000). Arbitrators are "limited to deciding issues of fact, leaving the interpretation of the law to the courts." *Johnson v. Am. Fam. Mut. Ins. Co.*, 426 N.W.2d 419, 426 (Minn. 1988).

Against this backdrop, we consider whether a claimant must present expert opinion evidence to establish causation on the source of their injury in no-fault arbitration. Rule 24, which governs evidence in no-fault arbitration, provides that "conformity to legal rules of evidence shall not be necessary." Minn. R. No-Fault Arb. 24. The rule states that "[t]he parties *may* offer such evidence *as they desire* and shall produce such additional evidence as the arbitrator may deem necessary to an understanding and determination of the issues." *Id.* (emphases added). Further, the "parties *shall be encouraged to offer*, and the arbitrator *shall be encouraged* to receive and consider[] evidence," including medical reports and medical texts. *Id.* (emphases added). But "[t]he arbitrator shall be the judge of the relevancy and materiality of any evidence offered." *Id.* That this rule encourages the exchange of medical reports but imposes no obligation to disclose expert opinion evidence

4

further undermines the notion that expert testimony is required. We discern no requirement from the plain language of this rule, or otherwise, that a claimant in no-fault arbitration must present expert opinion evidence on causation to establish the source of injury. Indeed, Rule 24 suggests that expert opinion may be offered—"[t]he parties may offer such evidence as they desire"—but the rule does not affirmatively mandate the production of such evidence.

Nor do other rules of no-fault arbitration require a claimant to present expert opinion evidence on causation. For example, Rule 5 requires a claimant to file "an itemization of benefits claimed and supporting documentation." Minn. R. No-Fault Arb. 5(f). The rule requires medical claims to "detail the names of providers, dates of services claimed, and total amounts owing," and it makes no mention of expert opinion. *Id.* And, Rule 12, which governs discovery in no-fault arbitration, encourages the "voluntary exchange of information," but discourages "[f]ormal discovery." Minn. R. No-Fault Arb. 12(a). That rule also requires the disclosure of medical reports, seven years of medical records preceding the vehicle accident, employment records (when the claimant's wage loss is at issue), the supporting documentation provided under Rule 5, and "other exhibits to be offered at the hearing." *Id.* (a)(1)-(5). The rules contain no mention of expert opinion evidence on causation.

We therefore conclude that nothing in the no-fault arbitration rules requires a claimant to produce expert opinion evidence on causation. Although the rules do not foreclose a claimant from offering such evidence, nothing in the rules suggests that a claimant who elects not to produce expert opinion evidence on causation is foreclosed from

5

recovery. Instead, the rules direct an arbitrator to "grant any remedy or relief that the arbitrator deems just and equitable consistent with the Minnesota No-Fault Act." Minn. R. No-Fault Arb. 32. Although an arbitrator may, in determining what constitutes reasonable proof for medical expense benefits, account for the absence of such expert opinion evidence, the arbitrator is not required to do so.

We also conclude that Minnesota law does not otherwise foreclose a claimant from recovery under these circumstances. AAA cites no relevant authority supporting its position that a claimant must present expert opinion evidence on causation in this context. AAA cites to cases involving the burden of proof at a jury trial, *Kelly v. American Family Insurance Co.*, No. C0-93-449, 1993 WL 369050 (Minn. App. Sept. 21, 1993) and *LaValley v. National Family Insurance Corp.*, 517 N.W.2d 602 (Minn. App. 1994), *rev. denied* (Minn. Aug. 24, 1994), and the admissibility of expert testimony at trial, *Wolf v. State Farm Insurance Co.*, 450 N.W.2d 359, 361 (Minn. App. 1990), *rev. denied* (Minn. Mar. 16, 1990). None of these cases stand for the proposition that a no-fault claimant is obligated to produce expert opinion evidence on causation. The absence of a requirement that a claimant produce expert opinion evidence is consistent with one of the purposes of the no-fault act, which is "to speed the administration of justice, to ease the burden of litigation on the courts of this state, and to . . . decrease the expense of and to simplify litigation." Minn. Stat. § 65B.42(4). To require a no-fault claimant to bear the additional expense of securing an expert opinion on causation is inconsistent with the stated purpose of no-fault arbitration.[1]

---

[1] The Minnesota Association for Justice submitted an amicus brief supporting Christophersen's position, arguing that the no-fault arbitration rules do not require a

We therefore disagree with AAA's contention that the arbitrator exceeded their authority when they issued an award in Christophersen's favor. The arbitrator had the authority to determine Christophersen's claim for medical expenses, which is subject to mandatory arbitration. Minn. Stat. §§ 65B.44, subd. 2 (no-fault medical-expense benefits), .525, subd. 1 (mandatory arbitration). And the arbitrator had the authority to "determine what constitutes reasonable proof" of a claim under the no-fault act. *Sankey*, 605 N.W.2d at 413 (quotation omitted). The arbitrator served as "the judge of the relevancy and materiality of any evidence offered." Minn. R. No-Fault Arb. 24. For the reasons discussed in this opinion, the arbitrator was not required to receive expert opinion evidence to determine that Christophersen proved her claim. Therefore, we conclude the arbitrator did not exceed their powers.[2]

Because the arbitrator in this case had the power to determine Christophersen's claim for medical expense benefits under the no-fault act without expert opinion evidence on causation, the district court properly denied AAA's motion to vacate.

**Affirmed.**

---

claimant to provide expert opinion evidence on causation and a holding otherwise would conflict with the no-fault act's stated purpose. We agree, for the reasons set forth above.

[2] Although not necessary to our decision, we note that Christopherson submitted causation evidence in arbitration. Christophersen testified on her own behalf and offered notes and a narrative report from a massage therapist, notes from her treating doctor, and records and medical bills from several other medical professionals who treated her both before and after the September 2021 accident. The arbitrator considered that information alongside AAA's independent medical examiner's report when it awarded Christophersen benefits.